Filed 4/11/19

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>WARREN OLEG MORRISON, JR.,<br><br>       Defendant and Appellant. | A154092<br><br>(San Mateo County<br>Super. Ct. No. SF400896A) |


Appellant Warren Oleg Morrison, Jr. was tried before a jury and convicted of the first degree murder of Jarmal Magee with an enhancement for personally and intentionally discharging a firearm causing death.  (Pen. Code, § 187, subd. (a), 12022.53, subd. (d).)[1]  In this appeal from a sentence of 50 years to life after a recall of the sentence under section 1170, subdivision (d)(1),[2] appellant contends the trial court misunderstood the scope of its discretion under recent amendments to section 12022.53, which allow the court to strike an enhancement imposed under its provisions.  We agree the court had the discretion to impose a lesser firearm enhancement and remand the case for resentencing so it can exercise its discretion.

## I.  BACKGROUND

Due to the limited nature of the issue raised in this appeal, it is not necessary to discuss the facts at length.  Briefly, on October 25, 2015, appellant shot Magee several

---

[1] Further statutory references are to the Penal Code unless otherwise indicated.

[2] Appellant has separately appealed from the judgment of conviction, which we affirm by separate opinion filed this same date.  (*People v. Warren Morrison* (April __, 2019, A152440) [nonpub. opn.].)

1

times during an argument. Magee's girlfriend at the time testified that appellant pulled the gun from his own waistband and continued to shoot even after Magee was disabled. Appellant claimed Magee pulled the gun from his (Magee's) waistband and it initially discharged during their struggle; he continued to shoot Magee after gaining control of the gun because he was angry and afraid. The jury convicted appellant of first degree premeditated murder and found a firearm enhancement true under section 12022.53, subdivision (d).

Appellant was sentenced to prison for 50 years to life on September 7, 2017—25 years to life on the murder count and 25 years to life for the firearm enhancement. On December 6, 2017, appellant filed a request to recall the sentence pursuant to section 1170, subdivision (d)(1), based on recent amendments to section 12022.53 that gave the court the discretion, effective January 1, 2018, to strike a firearm enhancement under its provisions. The court held a hearing on January 3, 2018 in which it recalled the sentence but denied the request to strike the firearm enhancement. In a hearing held on February 8, 2018, at which appellant was personally present, the court reimposed the original sentence of 50 years to life, consisting of 25 years to life for the murder count and 25 years to life for the firearm enhancement.

## II. DISCUSSION

Appellant argues the case should be remanded for resentencing because the court did not understand the scope of its discretion. He acknowledges that the trial court acted properly in declining to strike the enhancement completely. But he argues the court had the discretion to modify the enhancement from that established by section 12022.53, subdivision (d), which carries a term of 25 years to life, to a "lesser included" enhancement under section 12022.53, subdivision (b) or (c), which carry lesser terms of 10 years or 20 years, respectively.

"Section 12022.53 sets forth the following escalating additional and consecutive penalties, beyond that imposed for the substantive crime, for use of a firearm in the commission of specified felonies, including [] murder: a 10-year prison term for personal use of a firearm, even if the weapon is not operable or loaded (*id.*, subd. (b)); a 20-year

2

term if the defendant 'personally and intentionally discharges a firearm' (*id*., subd. (c)); and a 25–year–to–life term if the intentional discharge of the firearm causes 'great bodily injury' or 'death, to any person other than an accomplice' (*id*., subd. (d)). For these enhancements to apply, the requisite facts must be alleged in the information or indictment, and the defendant must admit those facts or the trier of fact must find them to be true." (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1124–1125.) Section 12022.53, subdivision (f) provides, "Only one additional term of imprisonment under this section shall be imposed per person for each crime. If more than one enhancement per person is found true under this section, the court shall impose upon that person the enhancement that provides the longest term of imprisonment . . . ."

The information in this case originally charged appellant with three firearm enhancements: personal use of a firearm, personal discharge of a firearm, and personal discharge of a firearm causing death. (§ 12022.53, subdivision (b)–(d).) At trial, the prosecutor amended the information to remove the enhancements for personal use and discharge of a firearm under section 12022.53, subdivisions (b) and (c), leaving only the enhancement for personal discharge causing death under section 12022.53, subdivision (d). The jury found this enhancement allegation to be true.

At the time of sentencing in this case, in September 2017, trial courts did not have the discretion to strike enhancements under section 12022.53. (Former § 12022.53, subd. (h).) On October 11, 2017, Governor Brown signed Senate Bill 620 (2017–2018 Reg. Sess.), which amended sections 12022.5 and 12022.53 to provide trial courts with the discretion to strike a firearm enhancement or finding. (Stats 2017, ch. 682.) Senate Bill 620 added the following language to both statutes: "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section. The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law." (Stats 2017, ch. 682, §§ 1(c) –2(h).)

Courts now may "strike or dismiss" an enhancement under section 12022.53, subdivision (d) in the interests of justice under section 1385. In a case where the jury had

3

also returned true findings of the lesser enhancements under section 12022.53, subdivisions (b) and (c), the striking of an enhancement under section 12022.53, subdivision (d) would leave intact the remaining findings, and an enhancement under the greatest of those provisions would be mandatory unless those findings were also stricken in the interests of justice. But what if, as here, enhancements under section 12022.53, subdivisions (b) and (c) were not also alleged? May the court impose one of those lesser enhancements in lieu of the greater enhancement under section 12022.53, subdivision (d) if the court finds it is in the interests of justice to do so?

Case law has recognized that the court may impose a "lesser included" enhancement that was not charged in the information when a greater enhancement found true by the trier of fact is either legally inapplicable or unsupported by sufficient evidence. (*People v. Fialho* (2014) 229 Cal.App.4th 1389, 1395–1396 (*Fialho*) [enhancement for personal use of a firearm under section 12022.5, subdivision (a) was authorized although it was not charged when defendant was convicted of voluntary manslaughter as a lesser included offense of murder, to which section 12022.53, which was found true by the jury, does not apply]; *People v. Strickland* (1974) 11 Cal.3d 946, 961; *People v. Lucas* (1997) 55 Cal.App.4th 721, 743; *People v. Allen* (1985) 165 Cal.App.3d 616, 627 [arming enhancement under section 12022 imposed when section 12022.5 did not apply to conviction]; *People v. Dixon* (2007) 153 Cal.App.4th 985, 1001–1002 [substitution of deadly weapon enhancement under section 12022, subd. (b) for section 12022.53, subd. (b) enhancement, when BB or pellet gun did not qualify as "firearm" under statute].) This is so regardless of section 1170.1, subdivision (e), which requires all enhancements to be pleaded and proved in the accusatory pleading. (*Fialho*, at pp. 1397–1399.)

Under these cases, the court could impose an uncharged enhancement under section 12022.53, subdivision (b) or (c) in lieu of an enhancement under section 12022.53, subdivision (d) if it was unsupported by substantial evidence or was defective or legally inapplicable in some other respect. We see no reason a court could not also impose one of these enhancements after striking an enhancement under section 12022.53,

4

subdivision (d), under section 1385. This conclusion is further buttressed by *People v. Marsh* (1984) 36 Cal.3d 134, 143–144, in which the court remanded for resentencing and held the court could strike allegations of ransom and great bodily harm to make the defendant eligible for a Youth Authority[3] commitment. "In discussing the scope of section 1385, we do not mean to suggest that the court's only choices are to strike both the bodily harm and ransom allegations for YA eligibility or to deny the motion entirely and sentence defendant to prison for life without possibility of parole. Although those were the only alternatives urged at the time of sentencing, we note that there is a broad range of sentencing options between those extremes. For example, the court could strike only the bodily harm allegation, thereby reducing the kidnaping sentence to life *with* possibility of parole, which carries a minimum parole eligibility term of seven years. [Citation.] . . . [¶] In sum, the court has a wide range of sentencing choices short of imposing the imprisonment without possibility of parole." (*Id.* at p. 144.)

The court had the discretion to impose an enhancement under section 12022.53, subdivision (b) or (c) as a middle ground to a lifetime enhancement under section 12022.53, subdivision (d), if such an outcome was found to be in the interests of justice under section 1385. The Attorney General urges us to affirm the trial court's decision regardless, arguing that it is clear from the court's comments it would not exercise its discretion even if it had the power to do so and that a remand would be futile. (*People v. McDaniels* (2018) 22 Cal.App.5th 420, 425.) We disagree.

The court denied the motion to strike the 25-year-to-life enhancement, noting: "The two things that seem to me the most critical in terms of the decision, the two factors were the vulnerability of the victim and the defendant's lack of really, in my view, [of] meaningful remorse but, particularly, the brutal nature of the crime and the vulnerability of the victim. The fact that the defendant stood over the victim when he was absolutely

---

[3] The Youth Authority is now known as the Division of Juvenile Facilities, which is part of the Division of Juvenile Justice, which in turn is part of the Department of Corrections and Rehabilitation. (*In re D.J.* (2010) 185 Cal.App.4th 278, 280, fn. 1.)

5

helpless and shot him three times, in my mind, was an extremely vicious crime." This showed that the court thought a firearm enhancement was appropriate, but it does not show *which* firearm enhancement it believed was best suited to this case. Although the court stated adequate reasons for declining to strike the lifetime enhancement under section 12022.53, subdivision (d), the record does not reflect whether it understood that it could impose a lesser enhancement under section 12022.53, subdivision (b) or (c) instead. (See *People v. Lua* (2017) 10 Cal.App.5th 1004, 1007 [remand appropriate in face of ambiguous record, so court could consider striking some or all of Health and Safety Code § 11370.2 enhancements].)

" ' "Defendants are entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that 'informed discretion' than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record." ' " (*People v. Billingsley* (2018) 22 Cal.App.5th 1076, 1081.) At the time of resentencing, no published case had held an uncharged lesser firearm enhancement could be imposed in lieu of an enhancement under section 12022.53, subdivision (d) in connection with striking the greater enhancement. The amendment to section 12022.53 was new, and because it does not appear the court considered the issue now raised, we remand for resentencing. We express no opinion as to how the court should exercise its discretion on remand.

This result is not contrary to *People v. Fuhrman* (1997) 16 Cal.4th 930, 944–946 (*Fuhrman*), in which the court concluded that a remand for resentencing on direct appeal was not required when the record was silent as to whether the court understood its discretion to strike prior convictions under the Three Strikes law under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 530, fn. 13 (*Romero*). The *Fuhrman* court acknowledged that in cases where sentencing occurred before the issuance of the decision in *Romero*, when the Three Strikes law was relatively new and there was a conflict among the courts of appeal as to whether a trial court had the discretion to strike prior convictions on its own motion, it was not "appropriate to rely upon the rule that a

6

trial court ordinarily is presumed to have correctly applied the law [citations], or to find that a defendant who failed to anticipate our subsequent decision in *Romero* 'waived' or 'forfeited' his or her right to raise the issue." (*Fuhrman*, at p. 945.) But, because of the " 'unduly cumbersome and costly process' " of remanding every such silent record case (*id*. at p. 951), and because in many cases the "question of striking one or more prior convictions. . . may not have been mentioned at sentencing by either the trial court or defense counsel because all those involved in the proceeding recognized that, in view of the defendant's background and the circumstances of the current offense, the exercise of such discretion in the defendant's favor was not a realistic possibility" (*id*. at pp. 945–946), it was appropriate to impose a general rule against remand on direct appeal, without prejudice to the defendant filing a petition for writ of habeas corpus in an appropriate case (*id*. at p. 946).

The question of whether the court may elect to impose uncharged lesser firearm enhancements as part of its discretion under Senate Bill 620 and the amended version of section 12022.53, subdivision (h) only arises in cases where those enhancements have not been charged in the alternative and found true, making remands on this ground considerably less "cumbersome and costly" than the wholesale remand of silent record Three Strikes cases considered in *Fuhrman*. (*Id.* at p. 946.) And after the publication of our decision today, the usual presumption that a sentencing court correctly applied the law will apply and will ordinarily prevent remand where the record is silent as to the scope of a court's discretion. (See *Fuhrman*, *supra*, 16 Cal.4th at p. 945.) Additionally, the "lesser firearm enhancement" issue only arises when the court has been asked to strike a greater enhancement under section 12022.53, making it unreasonable to infer, as in *Fuhrman*, that in many cases the issue was not mentioned simply because the parties thought an exercise of discretion unlikely. (Cf. *Fuhrman*, *supra*, 16 Cal.4th at pp. 945–946.) Assuming *Fuhrman* would be decided the same way today, it presents different circumstances than the case before us.

## III. DISPOSITION

The case is remanded for resentencing. The judgment is otherwise affirmed.

7

_____

NEEDHAM, J.

We concur.

_____

JONES, P.J.

_____

SIMONS, J.

*People v. Morrison* / A154092

A154092/ People v. Warren Oleg Morrison, Jr.

Trial Court:   Superior Court of San Mateo County

Trial Judge:   Barbara Mallach

Counsel:      Hey and Hey, Randy Hey for the Defendant and Appellant.

        George Lawrence Schraer, under appointment by the Court of Appeal, for Defendant and Appellant.

        Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Assistant Attorney General, Eric D. Share, and Alisha Carlile, Deputy Attorney, for Plaintiff and Respondent.