Filed 9/28/20  P. v. Sandoval CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LUIS MIGUEL SANDOVAL,<br><br>    Defendant and Appellant. | B297802<br><br>(Los Angeles County<br>Super. Ct. No. NA077068) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Richard R. Romero, Judge.  Reversed in part and remanded with directions, appeal dismissed in part.

Jenny M. Brandt, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Acting Supervising Deputy Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney and Stephanie A. Miyoshi, Deputy Attorney General, for Plaintiff and Respondent.

————————————

Luis Sandoval appeals from the trial court's order denying his request for a hearing under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) and Penal Code section 3051[1] and his request for the court to exercise its discretion to strike a firearm enhancement under section 12022.53.  Sandoval contends the trial court erred in denying his request for a *Franklin* hearing because he was 19 years old at the time he committed the "controlling offense" and he received a sentence qualifying him for a youth offender parole hearing under section 3051.  Sandoval also argues that, although the recent amendments to section 12022.53 apply only to cases that are not final, the court violated his right to equal protection by denying his request for a resentencing hearing because there is no rational basis to distinguish between cases that are final and those that are not. We remand for a *Franklin* proceeding and dismiss the appeal from the order denying Sandoval's request for resentencing.

## FACTUAL AND PROCEDURAL HISTORY

On January 6, 2008, when he was 19 years old, Luis Sandoval, had a verbal altercation with three men in a bar in Long Beach.  After he returned to the bar with a gun, during a fight with the same three men, Sandoval's "gun went off," wounding two of the three men.

The People charged Sandoval with attempted murder (§§ 187, 664; count 1); two counts of assault with a firearm (§ 245, subd. (a)(2); counts 2 and 3); carrying a concealed firearm (§ 12025, subd. (a)(2); count 4); unlawful possession of a firearm (§ 12021, subd. (e); count 5); and second degree commercial

---

[1]     Statutory references are to the Penal Code.

burglary (§ 459; count 6).  The People alleged Sandoval personally and intentionally used and discharged a firearm in the attempted murder within the meaning of section 12022.53, subdivisions (b) and (c); used a firearm in the assaults and burglary within the meaning of section 12022.5, subdivision (a); and used a firearm in the burglary within the meaning of section 12022.53, subdivision (c).  The People further alleged that Sandoval committed all the offenses for the benefit of, at the direction of, or in association with a criminal street gang with the intent to promote, further, or assist in criminal conduct by gang members.  (§ 186.22, subd. (b)(1).)  The jury acquitted Sandoval on one count of assault with a firearm (count 3), convicted Sandoval on all other counts, and found true all allegations.  For attempted murder, the trial court sentenced Sandoval to life in prison, plus 10 years for the gang enhancement (§ 186.22, subd. (b)(1)) and 20 years for the firearm enhancement (§ 12022.53, subd. (c)).  The trial court imposed a determinate term of 11 years 8 months for the remaining offenses and enhancements.

On April 28, 2010, this court affirmed Sandoval's conviction and remanded the case for resentencing based on the trial court's various errors in sentencing.  (*People v. Sandoval* (Apr. 28, 2010, B214188 [nonpub. opn.].)

On September 28, 2010, the trial court modified Sandoval's sentence for attempted murder (count 1) to 15 years to life, plus 20 years for the firearm enhancement (§ 12022.53, subd. (c)) and for carrying a concealed weapon (count 4) to two years, plus three years for the gang enhancement (§ 186.22, subd. (b)(1).)  The trial court stayed the sentences for unlawful possession of a firearm and commercial burglary (counts 5 and 6) pursuant to section 654.

3

On February 27, 2019, pursuant to *People v. Franklin, supra,* 63 Cal.4th 261 and section 3051, Sandoval filed a petition seeking a hearing to make a record of information relevant to his future youth offender parole hearing.  In his petition, Sandoval also sought a new sentencing hearing to give the trial court an opportunity to exercise its discretion to strike the firearm enhancements in the furtherance of justice under section 12022.53.[2]

On March 4, 2019, the trial court denied Sandoval's petition.

Regarding Sandoval's request for a *Franklin* hearing, the trial court ruled, "All issues regarding a meaningful youthful parole eligibility hearing must be filed in the district where the defendant is located or where the hearing is held. . . .  As sentenced, defendant is entitled to a parole eligibility hearing after 26 years, 8 months.  Under PC 3051, he is entitled to a youth offender parole eligibility hearing after 25 years, this slight difference does not trigger a need for a *Franklin* hearing."

As to Sandoval's request for resentencing, the trial court ruled "the statute allowing dismissal of gun enhancements is not retroactive therefore it does not apply to defendant's case, which has reached a final judgment."

Sandoval timely appealed.

---

[2]    Sandoval also asked the trial court to strike the three-year gang enhancement added to the sentence for carrying a concealed firearm (count 4).  Sandoval does not pursue this request on appeal.

## DISCUSSION

A. *Sandoval Is Entitled to a* Franklin *Hearing on Remand*

In a series of decisions, the United States and California Supreme Courts have curtailed imposition of sentences of life without parole (LWOP) on juvenile offenders, recognizing the lessened culpability and greater prospects for reform that distinguish juvenile from adult offenders. In *Graham v. Florida* (2010) 560 U.S. 48 (*Graham*), the United States Supreme Court held the imposition of an LWOP sentence on a juvenile offender who committed a nonhomicide offense violated the Eighth Amendment's prohibition on cruel and unusual punishment. (*Graham*, at pp. 68, 74.) In *Miller v. Alabama* (2012) 567 U.S. 460, 477 (*Miller*), the high court extended *Graham*, holding the imposition of a mandatory LWOP sentence on a juvenile in a homicide case also violated the Eighth Amendment. Relying on *Graham* and *Miller*, in *People v. Caballero* (2012) 55 Cal.4th 262, 268 (*Caballero*), the California Supreme Court held the Eighth Amendment bars "sentencing a juvenile offender to a term of years with a parole eligibility date that falls outside the juvenile offender's natural life expectancy."

The Legislature enacted sections 3051 and 4801 "to bring juvenile sentencing in conformity with *Miller, Graham,* and *Caballero*." (*People v. Franklin, supra,* 63 Cal.4th at p. 268; accord, *People v. Sepulveda* (2020) 47 Cal.App.5th 291, 298.) As originally enacted, section 3051 authorized a hearing by the Board of Parole Hearings (Board) "for the purpose of reviewing the parole suitability of any prisoner who was under 18 years of age at the time of his or her controlling offense." (Former § 3051, subd. (a)(1).) Section 3051 requires the Board to provide "a

5

meaningful opportunity to obtain release" by conducting the youth offender parole hearing during the 15th, 20th, or 25th year of a juvenile offender's incarceration, depending on the offender's sentence. (§ 3051, subds. (a)(2)(B), (b)(1)-(3), & (e); accord, *Franklin, supra,* 63 Cal.4th at p. 277.) Section 4801, subdivision (c), provides the Board "shall give great weight to the diminished culpability of juveniles as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law," when reviewing an offender's parole eligibility pursuant to section 3051.

In *Franklin*, the Supreme Court interpreted sections 3051 and 4801 to require a youth offender have a "sufficient opportunity to make a record of information relevant to his eventual youth offender parole hearing." (*Franklin, supra,* 63 Cal.4th at p. 284; accord, *In re Cook* (2019) 7 Cal.5th 439, 451 ["an offender entitled to a hearing under sections 3051 and 4801 may seek the remedy of a *Franklin* proceeding even though the offender's sentence is otherwise final"].) The goal of the *Franklin* proceeding "is to provide an opportunity for the parties to make an accurate record of the juvenile . . . offender's characteristics and circumstances at the time of the offense so that the Board, years later, may properly discharge its obligation to 'give great weight to' youth-related factors (§ 4801, subd. (c)) in determining whether the offender is 'fit to rejoin society' despite having committed a serious crime 'while he was a child in the eyes of the law.'" (*Franklin*, at p. 284.) The *Franklin* court remanded for the trial court to determine whether the defendant had a sufficient opportunity to create a record, and if not, to "receive submissions and, if appropriate, testimony." (*Ibid.*)

Effective January 1, 2018, the Legislature amended section 3051 to authorize a youth offender parole hearing for all offenders who were 25 years old or younger at the time of the "controlling offense." (§ 3051, subd. (a)(1).) In *Cook, supra,* 7 Cal.5th 439, the Court held for inmates, such as Sandoval, "who seek to preserve evidence following a final judgment, the proper avenue is to file a motion in superior court under the original caption and case number, citing the authority of section 1203.01 and today's decision. The motion should establish the inmate's entitlement to a youth offender parole hearing and indicate when such hearing is anticipated to take place, or if one or more hearings have already occurred." (*Id*. at p. 458.) The Court in *Cook* further held, "The proceeding is not limited to the filing of statements referenced in section 1203.01. Rather, consistent with *Franklin* and the court's inherent authority, the offender shall have the opportunity to 'place on the record any documents, evaluations, or testimony (subject to cross-examination) that may be relevant at his eventual youth offender parole hearing, and the prosecution likewise may put on the record any evidence that demonstrates the juvenile offender's culpability or cognitive maturity, or otherwise bears on the influence of youth-related factors.'" (*Id*. at pp. 458-459.)

Sandoval argues he is entitled to a *Franklin* proceeding because he was 19 years old when he committed the "controlling offense" and "he was given a sentence that would render him eligible for a youth offender parole hearing" under section 3051.[3]

---

[3] Sandoval argues that he qualifies for a youth offender parole hearing under section 3051, subdivision (b)(3), because the trial court sentenced him to "a term greater than 25 years to life in prison." The People state it "appears" that section 3051,

7

The People agree that Sandoval is entitled to a *Franklin* hearing because "Sandoval established that he was 19 years old when he committed the offense of which he was convicted, that he met the youth offender criteria pursuant to Penal Code section 3051, and that he had served 11 years of his sentence." We agree and remand for the trial court to provide Sandoval with an adequate opportunity to make a record of information relevant to a future youth offender parole hearing under section 3051. (See *People v. Rodriguez* (2018) 4 Cal.5th 1123, 1131-1132 ["On remand, the Court of Appeal shall direct the trial court to provide Rodriguez and the prosecution an opportunity to supplement the record with information relevant to Rodriguez's eventual youth offender parole hearing. [Citation.] In so doing, the trial court may exercise its discretion to conduct this process efficiently, ensuring that the information introduced is relevant, noncumulative, and otherwise in accord with the governing rules, statutes, and regulations"].)[4]

---

subdivision (b)(2), applies because "[Sandoval] received a term of 15 years to life for the attempted murder . . . ."

[4] The trial court's ruling that "all issues regarding a meaningful youthful parole eligibility hearing must be filed in the district where the defendant is located or where the hearing is held," is incorrect. Courts routinely remand matters for *Franklin* proceedings to the original trial court. (See *People v. Rodriguez, supra,* 4 Cal.5th at pp. 1131-1132; *Cook, supra,* 7 Cal.5th at p. 460.)

B.	*Because Sandoval's Sentence Is Final, He Is Not Entitled to the Benefit of New Legislation Authorizing the Court To Strike a Prior Mandatory Firearm-Use Enhancement*

Before January 1, 2018, the sentencing court was not permitted to strike or dismiss a mandatory firearm-use enhancement imposed under sections 12022.53 or 12022.5.  (See §§ 12022.53, former subd. (h), 12022.5, former subd. (c).) Effective January 1, 2018, the Legislature amended both sections to permit the superior court in its discretion to strike or dismiss a firearm-use enhancement in furtherance of justice.  (See Sen. Bill No. 620 (2017-2018 Reg. Sess.)  Stats. 2017, ch. 682; see also *People v. Fox* (2019) 34 Cal.App.5th 1124, 1127; *People v. Billingsley* (2018) 22 Cal.App.5th 1076, 1080.)

Sandoval's conviction became final following our affirmance of his conviction in April 2010.  Accordingly, he is not entitled to the benefit of the new legislation.  (*People v. Johnson* (2019) 32 Cal.App.5th 938, 942 [amendments to sections 12022.53 and 12022.5 apply to those whose convictions are not yet final or who have obtained collateral relief by way of a state or federal habeas corpus proceeding]; see *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326; *People v. Woods* (2018) 19 Cal.App.5th 1080, 1091.)

The trial court therefore lacked jurisdiction to modify Sandoval's sentence.  (*People v. Johnson, supra,* 32 Cal.App.5th at p. 941; *People v. Fuimaona* (2019) 32 Cal.App.5th 132, 135 (*Fuimaona*).  As such, Sandoval's substantial rights were not affected, and the order denying the petition is not appealable; hence, the appeal must be dismissed.  (See *Fuimaona*, at p. 135.)

9

Although Sandoval acknowledges "that existing law provides SB 620 only applies to persons whose cases are not yet final," he argues he is "entitled to relief because to deny him a resentencing hearing is unconstitutional because there is no compelling state interest, or rational basis, to treat [Sandoval] differently" than persons whose cases are not yet final. However, it is well established that equal protection does not require fully retroactive application of a change in the law reducing punishment for a crime. (*People v. Floyd* (2003) 31 Cal.4th 179, 191 (*Floyd*); see *In re Kapperman* (1974) 11 Cal.3d 542, 546 ["[t]he Legislature properly may specify that such statutes are prospective only, to assure that penal laws will maintain their desired deterrent effect by carrying out the original prescribed punishment as written"]; *People v. Kennedy* (2012) 209 Cal.App.4th 385, 398 ["[a]s our Supreme Court has acknowledged 'statutes lessening the *punishment* for a particular offense' may be prospective only without offending equal protection principles"]; see also *Baker v. Superior Court* (1984) 35 Cal.3d 663, 668 ["'[a] refusal to apply a statute retroactively does not violate the Fourteenth Amendment'"].)

In *People v. Hernandez, supra,* 34 Cal.App.5th 323, the court rejected an argument that "failure to apply full retroactivity to [section 12022.5's resentencing provisions] would result in an equal protection violation." (*Id.* at pp. 326-327.) The court held, "A similar argument was rejected in *In re Kapperman* (1974) 11 Cal.3d 542, 546, 114 Cal.Rptr. 97, 522 P.2d 657, in which our Supreme Court stated that statutes lessening the punishment for specific offenses could be limited to prospective application in order 'to assure that penal laws will maintain their desired deterrent effect by carrying out the original prescribed

10

punishment as written.' Senate Bill No. 620 is an example of this principle." (*Id.* at p. 327.)

In *Floyd, supra*, 31 Cal.4th 179, the Supreme Court determined that prospective application of the Substance Abuse and Crime Prevention Act of 2000, which amended state law to require that certain adult drug offenders receive probation instead of incarceration, to defendants convicted after its effective date did not violate equal protection principles. (*Id.* at pp. 188-192.) In its analysis, the Court stated, "Defendant has not cited a single case, in this state or any other, that recognizes an equal protection violation arising from the timing of the effective date of a statute lessening the punishment for a particular offense. Numerous courts, however, have rejected such a claim−including this court." (*Id.* at p. 188.) The Court in *Floyd* reasoned, "'[T]he 14th Amendment does not forbid statutes and statutory changes that have a beginning, and thus to discriminate between the rights of an earlier and later time.'" (*Id.* at p. 191); accord, *People v. Smith* (2015) 234 Cal.App.4th 1460, 1467 ["'statute ameliorating punishment for particular offenses may be made prospective only without offending equal protection, because the Legislature will be supposed to have acted in order to optimize the deterrent effect of criminal penalties by deflecting any assumption by offenders that future acts of lenity will necessarily benefit them"].) The Legislature was not required to apply the changes to Sandoval's already final conviction.

**DISPOSITION**

We remand for the trial court to provide the parties with an opportunity to supplement the record with information relevant to Sandoval's youth offender parole hearing under *Franklin, supra,* 63 Cal.4th 261 and section 3051. We dismiss the appeal from the order denying Sandoval's request for resentencing.


DILLON, J.*


We concur:


SEGAL, Acting P. J.


FEUER, J.

---

*        Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.