Filed 11/1/21  P. v. Banks CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EDWARD E. BANKS,<br><br>    Defendant and Appellant. | B306135<br><br>(Los Angeles County<br>Super. Ct. No. TA142468) |

APPEAL from an order of the Superior Court of Los Angeles County, Kelvin D. Filer, Judge.  Reversed.

————————————

Julie Caleca, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Stephanie C. Brenan and Nathan Guttman, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

In 2017, the trial court sentenced defendant and appellant Edward Eugene Banks to 60 years 8 months in prison for one count of second degree murder (Pen. Code, § 187, subd. (a))[1] and one count of making a criminal threat (§ 422, subd. (a)). The sentence for murder included an enhancement of 25 years to life for personally discharging a firearm causing great bodily injury or death (§ 12022.53, subd. (d)), as well as a five-year enhancement because Banks had previously been convicted of a serious felony (§ 667, subd. (a)(1)).

At the time the court imposed the sentence, the enhancements were mandatory, but while Banks's appeal was pending, the Legislature enacted laws giving courts the discretion to strike them:  Senate Bill No. 620 (Stats. 2017, ch. 682) (Senate Bill No. 620) allows trial courts to strike or dismiss firearm enhancements for purposes of sentencing.  Senate Bill No. 1393 (Stats. 2018, ch. 1013) (Senate Bill No. 1393) does the same for serious felony enhancements under section 667, subdivision (a)(1). Both laws apply retroactively to defendants like Banks whose cases were not final at the time the laws became effective.  (See *People v. Woods* (2018) 19 Cal.App.5th 1080, 1090–1091; *People v. Garcia* (2018) 28 Cal.App.5th 961, 971–973.)  We affirmed Banks's convictions on appeal, but we remanded the case to the trial court to allow the court to consider striking the enhancements.  (See *People v. Banks* (May 31, 2019, B286858), opn. ordered mod. June 17, 2019 [nonpub. opn.] (*Banks*).)[2]

---

[1] Subsequent statutory references are to the Penal Code.

[2] In our prior opinion in the case, we discussed the facts of the murder in detail.  Because they are not relevant to the issues in this appeal, we do not repeat them here.

On remand, the trial court denied Banks's motion to strike his firearm enhancement, but granted his motion to strike the five-year enhancement under section 667, subdivision (a)(1). By striking the enhancement, the court reduced Banks's sentence by five years, resulting in a new aggregate sentence of 55 years 8 months to life. Banks now contends that we must remand the case once again because it is not clear whether the trial court understood that it had the authority to impose sentence on a lesser firearm enhancement after striking the enhancement under section 12022.53, subdivision (d). We agree.

## BACKGROUND ON FIREARM ENHANCEMENTS

Section 12022.53 provides for sentence enhancements of three different lengths, depending on the severity of a defendant's firearm use in committing an enumerated felony. A defendant who personally uses a firearm is subject to a 10-year enhancement under subdivision (b). If a defendant personally and intentionally discharges a firearm, the length of the enhancement increases to 20 years under subdivision (c). And in cases where the defendant discharges a firearm and proximately causes great bodily injury or death, he is subject to an enhancement of 25 years to life under subdivision (d). When a jury finds true multiple firearm allegations for a single crime, the court may impose only a single enhancement as part of the defendant's sentence. (§ 12022.53, subd. (f).) In such a case, "the court shall impose upon that person the enhancement that provides the longest term of imprisonment." (*Ibid.*)

Under section 12022.53, subdivision (h), as amended by Senate Bill No. 620, the trial court "may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed." This authority means that "[i]n a case where the jury . . . returned true

findings of the lesser enhancements under section 12022.53, subdivisions (b) and (c), the striking of an enhancement under section 12022.53, subdivision (d) . . . leave[s] intact the remaining findings, and an enhancement under the greatest of those provisions [is] mandatory unless those findings were also stricken in the interests of justice." (*People v. Morrison* (2019) 34 Cal.App.5th 217, 222 (*Morrison*).) Thus, the court has the discretion to choose the most appropriate length of punishment from among all the enhancement allegations the jury found true. (See *People v. Wang* (2020) 46 Cal.App.5th 1055, 1090–1091.)

## PROCEEDINGS BELOW

In the information charging Banks with the murder of Jason Thompson, the prosecution alleged three firearm enhancements, one for each of subdivisions (b), (c), and (d) of section 12022.53. The jury found all three enhancements true, and at the original sentencing hearing, the trial court imposed the longest enhancement, 25 years to life under section 12022.53, subdivision (d).

The court stated that it intended to impose and stay the sentence on the two lesser firearm enhancements, but at the request of Banks's attorney, the court ordered the two lesser enhancements stricken. The trial court's initial intention was correct. In cases like this, where the jury has found multiple firearm allegations true, the court must impose the lesser enhancements but stay them, rather than striking them. (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1129.)

As a result, the abstract of judgment listed only a single enhancement under section 12022.53, subdivision (d), with no reference to the lesser enhancements under subdivisions (b) and (c). The minute order from the sentencing hearing stated that "the

4

punishment is stricken" as to the two lesser enhancements. In our prior opinion in the case, we directed the trial court to "consider . . . striking . . . the firearm enhancement in view of Senate Bill No. 620" (*Banks*, *supra*, B286858, at p. 28), without suggesting that there were multiple enhancements for the court to consider.

At the resentencing hearing, neither of the attorneys suggested that the court could or should impose a lesser enhancement, and the court made no reference to the lesser enhancements at the hearing. The court denied Banks's request to strike the firearm enhancement, explaining that if Senate Bill No. 620 had been in effect at the time of Banks's original sentencing hearing, "I would not have exercised my discretion to strike [the enhancement] for the following reasons: This is a crime that involved a great deal of violence. It showed some planning and sophistication. And there was an ongoing dispute between Mr. Banks and the victim. There were threats to witnesses. This is a shooting that occurred on a public street. And Mr. Banks has a prior record."

## DISCUSSION

Banks contends that we must remand the case to the trial court once again to allow the court to consider striking the enhancement under section 12022.53, subdivision (d) and enforcing one of the lesser enhancements. Given the ambiguity in the sentencing record, we agree.

" ' "Defendants are entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that 'informed discretion' than one whose sentence is or may have been based

5

on misinformation regarding a material aspect of a defendant's record." '" (*People v. Billingsley* (2018) 22 Cal.App.5th 1076, 1081 (*Billingsley*); accord, *Morrison, supra*, 34 Cal.App.5th at p. 224.) In this case, the court might have reasonably concluded that because it had previously stricken the lesser enhancements, it could not now impose them. At a minimum, the record "raise[s] serious doubts" as to whether the trial court understood the scope of its discretion. (*People v. Lua* (2017) 10 Cal.App.5th 1004, 1021.) "In the face of such an ambiguous record, it is appropriate to remand the matter to the trial court to consider the matter under the correct standard, to the extent it has not already done so." (*Ibid.*)

Where the record "shows that the sentencing court clearly indicated that it would not, in any event, have exercised its discretion to" grant the defendant relief (*Billingsley, supra*, 22 Cal.App.5th at p. 1081), we may decline to remand a case on grounds of futility. That rule does not apply here. Although the court found that it was not appropriate to reduce Banks's sentence by the amount of the only enhancement left after it struck the lesser ones—the 25-year enhancement under section 12022.53, subdivision (d)—the court's comments do not foreclose that the trial court would have imposed one of the lesser firearm enhancements had the trial court not been persuaded by defense trial counsel to strike them during the original resentencing. Put differently, the trial court's comments were made when the apparent choice was no time for a firearm enhancement at all or the 25 years required by the section 1202253, subdivision (d) enhancement. That turned out to be a false dichotomy because the trial court should have stayed and not stricken the lesser enhancement in the first place, and could have considered those lesser enhancements in sentencing Banks.

The Attorney General contends that Banks forfeited his claim because his attorney failed to argue for a reduction to a lesser enhancement at the resentencing hearing.  We have exercised our discretion not to apply the forfeiture doctrine and instead to decide the case on the merits (see *People v. Smith* (2003) 31 Cal.4th 1207, 1215; *People v. Williams* (1998) 17 Cal.4th 148, 161) in order to avoid allowing an oversight by Banks's attorney to deprive Banks of an opportunity to reduce his sentence.[3]

Nothing in this opinion should be taken as an indication of how the trial court should exercise its discretion upon remand.

---

[3] Because we decide the issue on the merits, we need not decide Banks's claim that his attorney rendered ineffective assistance of counsel by failing to advocate for a reduced enhancement.

## DISPOSITION

The trial court's order sentencing appellant is vacated. On remand, the trial court shall vacate the order striking the enhancements under section 12022.53, subdivisions (b) and (c) and instead stay those two enhancements. It shall then conduct a new sentencing hearing on whether to strike the subdivision (d) enhancement and impose instead one of the lesser two enhancements. The trial court is also directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

BENDIX, J.

8