Filed 3/25/22  P. v. Butler CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C090410 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STKCRFE19940007095, SC057659A) |
| v. | |
| RICHARD ALLEN BUTLER, JR., | |
| Defendant and Appellant. | |
| THE PEOPLE, | C092415 |
| Plaintiff and Respondent, | (Super. Ct. No. 04F10479) |
| v. | |
| RICHARD ALLEN BUTLER, JR., | |
| Defendant and Appellant. | |

1

Defendant Richard Allen Butler, Jr., appeals the trial court's denial of two California Department of Corrections and Rehabilitation's (Department) recommendations under Penal Code[1] section 1170, subdivision (d)(1) (section 1170(d)(1)), recommending that the trial court consider recalling the commitments for defendant's 1995 first degree murder conviction (C090410) and his 2005 assault with a deadly weapon conviction (C092415) and resentencing him. On our own motion, we consolidated the appeals for purposes of oral argument and decision.

In case No. C090410 (murder), defendant contends the trial court's denial of the recommendation: (1) violated his due process rights and the legislative intent of the statute by failing to weigh postconviction factors or, in the alternative, failing to articulate a nexus that his continued incarceration is in the interest of justice; and (2) violated due process by failing to appoint counsel. In case No. C092415 (assault), defendant contends the trial court's denial of the recommendation: (1) violated his due process rights by failing to either hold a hearing or allowing the opportunity to present additional briefing or written evidence; (2) violated due process by failing to appoint counsel; and (3) violated due process and the legislative intent by relying on the legality of the original sentence and disregarding postconviction factors.

While these appeals were pending, the Governor signed Assembly Bill No. 1540 which, effective January 1, 2022, moved the recall and resentencing provisions of section 1170(d)(1) to new section 1170.03. Assembly Bill No. 1540 also added procedural requirements and a presumption in favor of recall and resentencing. We requested supplemental briefing on the effect of this new legislation on this appeal.

Defendant contends new section 1170.03 should apply to all nonfinal cases in which the Department has recommended recall and resentencing under

---

[1] Undesignated section references are to the Penal Code.

2

section 1170(d)(1). The People argue remand would be futile. But, if we find remand would not be futile, the People suggest we remand the matter for further proceedings. Because we cannot conclude remand would be futile, we reverse and remand the matter for the trial courts to comply with the new procedural requirements, apply the new presumption, and reconsider the request.

## BACKGROUND[2]

Following defendant's conviction for first degree murder and burglary with a firearm enhancement as to each, the trial court sentenced him to a determinate term of nine years followed by an indeterminate term of 25 years to life. We affirmed the conviction and the judgment became final in 1998. (*People v. Butler* (Feb. 20, 1997, C020925) [nonpub. opn.].) In 1998, while in custody for the 1995 murder conviction, defendant was convicted of assault with a deadly weapon and possession of a weapon by an inmate. The trial court sentenced him to an additional consecutive four-year term. In 2005, defendant pled guilty to assault with a deadly weapon on an inmate with force likely to produce great bodily injury. The trial court sentenced him to an additional consecutive term of 25 years to life.

### A

*May 2019 Recommendation -- Appellate Case No. C090410 (Murder)*

In May 2019, the Department sent the San Joaquin County Superior Court a letter pursuant to section 1170(d)(1), recommending the trial court consider recalling defendant's commitment and sentence for his 1995 murder conviction and resentence him based on his postconviction behavior and rehabilitative efforts. Attached to the letter was a cumulative case summary and evaluation report that detailed defendant's current commitment offenses, his institutional adjustment, including rules violations and

---

[2] The substantive facts underlying defendant's convictions are not necessary to our resolution of this case on appeal and are therefore not recounted here.

3

laudatory chronological reports, completed training and education programs, self-help activities, and familial support. The evaluation report noted defendant had received 15 rules violation reports, the most recent in 2011; received one Department of Corrections and Rehabilitation form 128-A, custodial counseling chrono in 2007; had no pending disciplinary actions; and was not associated with any security threat group, although prior to 2006 he had been a member of the United Society of Aryan Skinheads. These were his only negative reports since 2006. Otherwise, defendant was reported to be consistently employed; voluntarily assigned to a number of rehabilitation programs; received multiple laudatory chronological reports, including from his employment supervisors, and numerous training certificates; was actively participating in multiple forms of self-help; and had completed numerous courses of continuing education. He had over 20 family members, friends, and associates approved for visits and had received numerous visits.

After reviewing the recommendation, the trial court declined the invitation to exercise its authority to recall defendant's commitment and sentence because "[t]he murder for which [defendant] was convicted was an extremely violent act where defendant personally assisted in stabbing the victim 60 times to his head, neck, back, and torso as part of an Aryan Brotherhood initiation."

B

*June 2019 Recommendation -- Appellate Case No. C092415 (Assault)*

In June 2019, the Department sent the Sacramento County Superior Court a letter pursuant to section 1170(d)(1), recommending the trial court consider recalling defendant's commitment sentence on his 2005 assault with a deadly weapon conviction and resentence him based on his postconviction behavior and rehabilitative efforts. Attached to the letter was the same cumulative case summary and evaluation report that had been attached to the May 2019 recommendation to the San Joaquin County Superior Court, detailing defendant's commitment offenses, his institutional adjustment, including

4

rules violations and laudatory chronological reports, completed training and education programs, self-help activities, and familial support.

Defendant also sent a letter to the Sacramento County Superior Court accepting responsibility for his offenses, expressing remorse, and assuring the court he had changed and no longer represented a threat to society.

After reviewing the recommendation, the trial court summarily denied the recommendation.  The trial court stated there was no illegality or impropriety in the sentence and declined the invitation to modify defendant's "sentence based on prison behavior exhibited well after the instant offense."

## DISCUSSION

### *General Legal Background*

### I

### *Section 1170(d)(1)*

Section 1170(d)(1) " 'is an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun.' " (*People v. McCallum* (2020) 55 Cal.App.5th 202, 210.)  Section 1170(d)(1) authorizes the secretary of the Department to recommend to the superior court that the court recall a previously imposed sentence and resentence the defendant.  (*People v. Loper* (2015) 60 Cal.4th 1155, 1165, citing *Dix v. Superior Court* (1991) 53 Cal.3d 442, 460.)  The Department's recommendation furnishes the court with jurisdiction it would not otherwise have to recall and resentence.  (*People v. Frazier* (2020) 55 Cal.App.5th 858, 866.)  The recommendation is "an invitation to the court to exercise its equitable jurisdiction." (*Ibid.*)

In pertinent part, section 1170(d)(1) provides: "the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary [of the Department] or the Board of Parole Hearings in the case of state prison inmates, . . . recall the sentence and commitment previously ordered and

5

resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. The court resentencing under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. The court resentencing under this paragraph may reduce a defendant's term of imprisonment and modify the judgment, including a judgment entered after a plea agreement, if it is in the interest of justice. The court may consider postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence, and evidence that reflects that circumstances have changed since the inmate's original sentencing so that the inmate's continued incarceration is no longer in the interest of justice."

II

*Assembly Bill No. 1540*

Effective January 1, 2022, Assembly Bill No. 1540 moved the recall and resentencing provisions of section 1170(d)(1) to newly added section 1170.03 and revised its terms. (Assem. Bill No. 1540 (2021-2022 Reg. Sess.) Stats. 2021, ch. 719, § 3.1.) The bill was drafted in response to the recommendations of the Committee on Revision of the Penal Code (committee). (Assem. Com. on Pub. Saf., Analysis, Assem. Bill No. 1540 (2021-2022 Reg. Sess.) Apr. 27, 2021, p. 5.) Among the committee's recommendations was the establishment of a judicial process for existing recall and resentencing under section 1170(d)(1) and to clarify and expand the use of this resentencing. (Assem. Com. on Pub. Saf., *supra*, at pp. 5-6, citing Com. on Rev. of Pen. Code, 2020 Ann. Rep., p. 65; Sen. Com. on Pub. Saf., Analysis, Assem. Bill No. 1540 (2021-2022 Reg. Sess.) Jul. 6, 2021, pp. 4-5 ["One of the Committee's recommendations is to establish a judicial process for existing recall and resentencing laws"].)

6

In its declarations and findings, the Legislature explicitly declared its intent "for judges to recognize the scrutiny that has already been brought to these referrals by the referring entity, and to ensure that *each referral be granted the court's consideration by setting an initial status conference, recalling the sentence*, and providing the opportunity for resentencing for every felony conviction referred by one of these entities."[3] (Assem. Bill No. 1540 (2021-2022 Reg. Sess.) Stats. 2021, ch. 719, § 1, subd. (h), italics added.)

Among other things, the new provisions of Assembly Bill No. 1540 explicitly codify the due process requirements of the recall and resentencing statute, including notice, a hearing when the matter is contested, and a statement of reasons on the record for granting or denying recall and resentencing. (Assem. Bill No. 1540 (2021-2022 Reg. Sess.) Stats. 2021, ch. 719, § 3.1.) These additional procedural requirements were enacted to clarify and protect defendant's due process rights. (Assem. Com. on Pub. Saf., Analysis, Assem. Bill No. 1540 (2021-2022 Reg. Sess.) Apr. 27, 2021, Author's Statement, p. 4 ["The changes contained in AB 1540 strengthen common procedural problems to address equity and due process concerns in how courts should handle second look sentencing requests"].) In addition, in cases like this one, where the request is initiated by the Department, the new statute requires the appointment of counsel, as well

---

[3] Previously, authorities had interpreted section 1170(d)(1) as contemplating a two-step process: a decision whether to recall the sentence; and, then a resentencing decision. (*People v. McCallum, supra,* 55 Cal.App.5th at pp. 210, 214-215; *Dix v. Superior Court, supra,* 53 Cal.3d at pp. 455-456, 463; *People v. Frazier, supra,* 55 Cal.App.5th at p. 863.) This statement of legislative intent, as well as the presumption in favor of recall and resentencing and the structure of the new statute, suggests this is no longer a two-step process for the court, but upon receiving a referral, a single "recall and resentencing" determination. The statute sometimes refers jointly to "recall and resentencing" and sometimes to "resentencing" alone, but never refers singly to a decision to recall. Nor does it suggest any separate criteria or process for determining whether to recall the sentence as distinct from the determination to resentence. (Assem. Bill No. 1540 (2021-2022 Reg. Sess.) Stats. 2021, ch. 719, § 3.1, subds. (a)(1), (a)(2), (a)(4), (a)(6), (b)(2) [recall and resentence], subds. (a)(3), (a)(7), (a)(8), (b) [resentence].)

7

as application of a presumption in favor of recall and resentencing that can be overcome only by a finding that the inmate is an unreasonable risk of danger to public safety. (Assem. Bill No. 1540 (2021-2022 Reg. Sess.) § 3.1, subd. (b)(2); *People v. Cepeda* (2021) 70 Cal.App.5th 456, 471-472.)

## ANALYSIS

We requested supplemental briefing from the parties addressing the effect of Assembly Bill No. 1540 on these cases, and particularly whether remand was required to allow the trial courts to comply with the new statutory procedures. The People contend that remand would be futile as the result in both cases would be the same "even if the trial courts appointed counsel, held hearings, and applied a presumption in favor of recall." However, if we do not agree that remand would be futile, the People suggest we remand the cases to the trial courts to conduct hearings under the new law.

" ' "Defendants are entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that 'informed discretion' than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record." ' " (*People v. Billingsley* (2018) 22 Cal.App.5th 1076, 1081, see also *People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8.) Where the scope of the trial court's discretion and standards governing the exercise of that discretion has changed, remand is required unless the record reveals a clear indication that the trial court would not have resentenced defendant even under the new standards. (See *People v. Almanza* (2018) 24 Cal.App.5th 1104, 1110; *People v. McDaniels* (2018) 22 Cal.App.5th 420, 425.)

We are not as dismissive as the People regarding the effect that providing notice, a hearing, and appointment of counsel might have had on the trial court's exercise of

8

discretion. The evidence and arguments that might be presented at a recall and resentencing hearing "cannot justly be considered 'superfluous,' " and the necessity of having such a hearing futile, "because defendant and his counsel have never enjoyed a full and fair opportunity to marshal and present the case supporting a favorable exercise of discretion." (*People v. Rodriguez* (1998) 17 Cal.4th 253, 258.) This is particularly true where some of the information relevant to the exercise of discretion might be uniquely in defendant's possession. (See *People v. McCallum*, *supra*, 55 Cal.App.5th at p. 218.) Without defendant receiving a hearing and the opportunity to present evidence with the assistance of counsel, the trial court may not have considered all the information, circumstances, and arguments relevant to its exercise of discretion. (*Id.* at pp. 216-217, relying on *People v. Loper*, *supra*, 60 Cal.4th at p. 1167, quoting *People v. Carmony* (2004) 33 Cal.4th 367, 375.) The record does not exclude the possibility that with a hearing and the appointment of counsel, the court "might have exercised [its] discretion in defendant's favor." (*Rodriguez*, at p. 258.) Thus, we cannot conclude that to permit defendant to present evidence and make his case for a favorable exercise of discretion with the assistance of counsel, would be an act of futility and an inefficient use of judicial resources. (*Id.* at p. 259.)

That such a conclusion is not possible is magnified by the fact that the statute now includes a presumption *in favor of recall and resentencing.* This presumption significantly changes the trial court's exercise of discretion.

Apparently relying exclusively on defendant's postconviction offenses, the Attorney General argues that application of the presumption would also make no difference to the trial courts' exercise of discretion, "as it is clear that the trial courts would have found [defendant] to be an unreasonable risk of danger to public safety." We cannot agree. Under section 1170(d)(1), trial court's analyzed risk associated with defendant's resentencing to determine whether "postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while

9

incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have *reduced the inmate's risk for future violence* and evidence that reflects that circumstances have changed since the inmate's original sentencing so that the inmate's continued incarceration is no longer in the interest of justice." (§ 1170(d)(1), italics added.)

Under the new legislation, the presumption in favor of recall and resentencing is only "overcome if a court finds the defendant is an *unreasonable risk of danger to public safety*, as defined in subdivision (c) of Section 1170.18." (Assem. Bill No. 1540 (2021-2022 Reg. Sess.) § 3.1, subd. (b)(2), italics added.) As used in section 1170.18, subdivision (c), " ' "unreasonable risk of danger to public safety" ' means an unreasonable risk that the [defendant] will commit a new violent felony within the meaning of section 667, subdivision (e)(2)(C)(iv). (§ 1170.18, subd. (c).)" (*People v. Valencia* (2017) 3 Cal.5th 347, 351.) That section in turn, "identifies eight types of particularly serious or violent felonies, known colloquially as 'super strikes.' " (*Ibid*.) In exercising its discretion to determine if the defendant poses an unreasonable risk of danger to public safety, "the court may consider all of the following:  [¶]  (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes.  [¶]  (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated.  [¶]  (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).) Although the factors guiding the court's exercise of discretion under section 1170(d)(1) and the new legislation are similar, the determination that a defendant poses an unreasonable risk of committing a "super strike" felony offense is not at all the same as the determination that a defendant poses a "risk of future violence." And, consideration of those factors could lead a court to conclude

10

defendant poses a risk of future violence, but may not also lead the court to conclude defendant poses a risk of committing a new "super strike" felony.

Nothing in the record suggests trial courts reached an implicit conclusion that defendant posed an unreasonable risk of danger to public safety. As to the May 2019 denial (C090410), the trial court's ruling references only the facts of the commitment offense as the basis of its denial. As to the June 2019 denial (C092415), the court determined only that the original sentence was not illegal or improper, and "declined the invitation to discretionarily modify the sentence based on prison behavior exhibited well after the instant offense." Neither of those rulings suggest the courts considered whether, or found, defendant posed an unreasonable risk of committing a new super strike felony.

With the enactment of Assembly Bill No. 1540, the procedural requirements of a recall and resentencing referral from the Department and the legal standard governing a trial court's exercise of discretion have changed significantly. We cannot say that none of these changes would have affected the trial courts' decision. Specifically, we cannot conclude the record provides a clear indication that the trial courts' exercise of discretion would be the same if defendant had a hearing and the opportunity to present evidence with the assistance of counsel, and if the trial court applied the correct new legal standard as expressed in the presumption in favor of recall and resentencing. Accordingly, we cannot find that remand would be futile.

Having concluded remand would not be futile, we agree with the parties and accept the People's suggestion that we reverse the orders denying recall and remand for new hearings under section 1170.03.

                                    DISPOSITION

The May 20, 2019, order in C090410 and the January 16, 2020, order in C092415 declining to recall defendant's sentences are reversed. The matters are remanded to the respective trial courts for further proceedings on the recall and resentencing

11

recommendations, applying the newly enacted section 1170.03 as added by Assembly Bill No. 1540.

/s/
Robie, J.

We concur:

/s/
Blease, Acting P. J.

/s/
Renner, J.