SEGAL, J.
*1078 INTRODUCTION
The People charged Joseph Billingsley with two counts of assault with a firearm and alleged in connection with both counts Billingsley personally used a firearm within the meaning of Penal Code section 12022.5, subdivision (a).[1] The People also charged Billingsley with shooting at an occupied motor vehicle, discharge of a firearm with gross negligence, and the attempted willful, deliberate, and premeditated murder of Devonte James. In connection with the count for attempted murder, the People alleged Billingsley personally and intentionally used and discharged a firearm within the meaning of section 12022.53, subdivisions (b) and (c). The People also alleged Billingsley had a prior conviction for a felony that was a serious felony within the meaning of section 667, subdivision (a)(1), and a prior violent or serious felony conviction within *279 the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12).
The jury convicted Billingsley on all counts and found all allegations true except the allegation Billingsley attempted to murder James willfully, deliberately, and with premeditation. The trial court declared a mistrial on that allegation.
The trial court imposed the lower term of five years for the attempted murder conviction, doubled under the three strikes law, plus five years for the prior serious felony conviction under section 667, subdivision (a)(1), and 20 years for the firearm enhancement under section 12022.53, subdivision (c). The court imposed a consecutive term of two years for one of the convictions for assault with a firearm (one-third the middle term of three years, doubled), plus one year four months for the firearm enhancement under section 12022.5, subdivision (a), on that count. The court stayed imposition of the sentences on the remaining counts, including for the second firearm enhancement under section 12022.5, subdivision (a). Billingsley's aggregate sentence was 38 years four months.
Billingsley contends the trial court erred by failing to instruct the jury on self-defense and imperfect self-defense and by denying his request for a trial continuance to locate a witness. In a supplemental brief, Billingsley argues we should remand for resentencing to allow the trial court to exercise discretion to strike the firearm enhancements under the recent amendments to sections 12022.5 and 12022.53.
*1079 In the unpublished portion of this opinion, we affirm the conviction. In the published portion, we remand for the trial court to hold a new sentencing hearing under the amended statutes.
FACTUAL BACKGROUND**
C. Billingsley Is Entitled to a New Sentencing Hearing
When the trial court sentenced Billingsley, former section 12022.5, subdivision (c), and former section 12022.53, subdivision (h), prohibited the court from striking those enhancements, and section 12022.53, subdivision (f), required the court to impose the enhancement under that statute with the longest term.[6] (See People v. Fuentes (2016) 1 Cal.5th 218, 226, 204 Cal.Rptr.3d 818, 375 P.3d 928 ; People v. Gonzalez (2008) 43 Cal.4th 1118, 1127, 77 Cal.Rptr.3d 569, 184 P.3d 702 ; People v. Oates (2004) 32 Cal.4th 1048, 1057, 12 Cal.Rptr.3d 325, 88 P.3d 56 ; People v. Thomas (1992) 4 Cal.4th 206, 208, 211, 14 Cal.Rptr.2d 174, 841 P.2d 159 ; People v. Jones (2007) 157 Cal.App.4th 1373, 1383, 69 Cal.Rptr.3d 262.) As noted, the trial court imposed the 20-year enhancement under section 12022.53, subdivision (c), on the attempted murder conviction, imposed a term of one year four months (one third the middle term of four years) on one of the assault with a firearm convictions under section 12022.5, subdivision (a), and stayed imposition of the enhancement under section 12022.5, subdivision (a), on the other assault with a firearm conviction.
The Legislature amended section 12022.5, subdivision (c), and section 12022.53, subdivision (h), effective January 1, 2018, to give the trial court discretion to strike, in the interest of justice, a firearm enhancement imposed *1080 under those two *280 statutes.[7] (See Sen. Bill No. 620 (2017-2018 Reg. Sess.), Stats. 2017, ch. 682, (S.B. 620) (Senate Bill 620); People v. Watts (2018) 22 Cal.App.5th 102, 231 Cal.Rptr.3d 248.) The People concede sections 12022.5, subdivision (c), and 12022.53, subdivision (h), as amended, apply retroactively to Billingsley, whose sentence was not final before those provisions came into effect. (See People v. Watts , supra , 22 Cal.App.5th at 257, 231 Cal.Rptr.3d 248; People v. Woods (2018) 19 Cal.App.5th 1080, 1090-1091, 228 Cal.Rptr.3d 318 ; People v. Robbins (2018) 19 Cal.App.5th 660, 679, 228 Cal.Rptr.3d 468.)
In a supplemental brief, Billingsley argues he is entitled to a new sentencing hearing to give the trial court an opportunity to exercise discretion to strike the firearm enhancements under sections 12022.5 and 12022.53. The People argue Billingsley is not entitled to a new sentencing hearing because the trial court indicated it would not have stricken any firearm enhancement even if it had discretion to do so. Billingsley has the better argument.
1. Relevant Proceedings
At the sentencing hearing counsel for Billingsley asked the court to stay the 20-year enhancement under section 12022.53, subdivision (c). The trial court accurately observed that, at the time, the court did not have discretion to strike or stay that firearm enhancement. The court explained: "My understanding of [ section] 12022.53, specifically [subdivision] (h), is the court has no such authority, and, quite frankly, this is not the kind of case I would stay the gun allegation. I have no say as to the actual penalty for that particular allegation. It's set at 20 years, but as far as staying or striking the allegation, the court does not have authority to do so, nor would it do so under the circumstances of this case."
Counsel for Billingsley then asked the court to allow Billingsley to serve the 20-year enhancement concurrently with his sentence for attempted murder. The court impliedly rejected that request, stating that "unfortunately, obviously, the consequences are severe in this case." The court noted that Billingsley shot eight times in the direction of three or four people and that the evidence supported the inference that a bullet fragment or some other object propelled by gunfire struck James. The court summarized the facts of the case and described them as "tragic" and "unfortunate, in many ways, for Mr. Billingsley." The court then imposed a term of 20 years for the enhancement under section 12022.53, subdivision (c).
*1081 2. The Trial Court Did Not Clearly Indicate It Would Not Have Exercised Its Discretion To Strike the Firearm Enhancements
The People, citing People v. Gutierrez (1996) 48 Cal.App.4th 1894, 1896, 56 Cal.Rptr.2d 529 ( Gutierrez ), argue "[r]emand is not appropriate because the trial court here indicated that it would not strike a firearm enhancement, and no reasonable court would strike [Billingsley's] firearm enhancements." In Gutierrez , while the appeal was pending in the Court of Appeal, the Supreme Court in a different case held that trial courts have discretion to strike a serious or violent felony conviction under the three strikes law. ( Ibid . ) The Court of Appeal in Gutierrez held that resentencing was required "unless *281 the record shows that the sentencing court clearly indicated that it would not, in any event, have exercised its discretion to strike the allegations." ( Ibid . ) The court in Gutierrez concluded remand would not serve any purpose in that case because the trial court had "stated that imposing the maximum sentence was appropriate. [The trial court] increased [the defendant's] sentence beyond what it believed was required by the three strikes law, by imposing the high term ... and by imposing two additional discretionary one-year enhancements." ( Ibid . ) Here, the record does not "clearly indicate" the court would not have exercised discretion to strike the firearm allegations had the court known it had that discretion. Although the trial court noted the facts of the case "could have been a lot worse," the court did not express an intention to impose the maximum possible sentence. The court also expressed concern the consequences for Billingsley's sentence were "unfortunate" and "tragic." (See People v. McDaniels (2018) 22 Cal.App.5th 420, ----, 231 Cal.Rptr.3d 443 ["a remand is required unless the record shows that the trial court clearly indicated when it originally sentenced the defendant that it would not in any event have stricken a firearm enhancement"].)
Moreover, although the court suggested it would not have stricken the firearm enhancement under section 12022.53, subdivision (c), even if it had that discretion, the court was not aware of the full scope of the discretion it now has under the amended statute. " 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' " ( People v. Gutierrez (2014) 58 Cal.4th 1354, 1391, 171 Cal.Rptr.3d 421, 324 P.3d 245 ; see id . at pp. 1391-1392, 171 Cal.Rptr.3d 421, 324 P.3d 245 [remand was appropriate because the record did not clearly indicate the trial court would have imposed the same sentence had it been aware of the full scope of its discretion after a change in the law].) And the trial court gave no indication whether it would exercise discretion to strike the firearm enhancement under section 12022.5 if it had such discretion.
*1082 When the trial court sentenced Billingsley, section 12022.53, subdivisions (f) and (h), prohibited the court from striking the firearm enhancements under section 12022.53, and required the court to impose the 20-year enhancement under subdivision (c). (See People v. Gonzalez , supra , 43 Cal.4th at pp. 1122-1123, 77 Cal.Rptr.3d 569, 184 P.3d 702 ["after a trial court imposes punishment for the section 12022.53 firearm enhancement with the longest term of imprisonment, the remaining section 12022.53 firearm enhancements ... that were found true for the same crime must be imposed and then stayed"].) The trial court here should have the opportunity under the new law to strike the 20-year enhancement under section 12022.53, subdivision (c), or the 10 -year enhancement under section 12022.53, subdivision (b), or both. (See § 12022.53, subd. (f) [referring to "more than one enhancement ... under this section"]; see also Assem. Com. on Pub. Safety, Rep. on Sen. Bill 620 (2017-2018 Reg. Sess.) June 13, 2017, p. 6 ["[u]nder [Senate Bill] 620, the trial court retains the ability, if not the legal obligation, to continue imposing firearm enhancements where the additional punishment is warranted"]; Sen. Com. on Pub. Safety Rep. on Sen. Bill 620 (2017-2018 Reg. Sess.) April 25, 2017, p. 7 [under Senate Bill 620 "relief would be available to a deserving defendant, while a defendant *282 who merited additional punishment for the use of a firearm in the commission of a felony would receive it"]; cf. People v. Robbins , supra , 19 Cal.App.5th at pp. 678-679, 228 Cal.Rptr.3d 468 [remand was appropriate for the trial court to exercise its discretion in deciding whether to strike one or both firearm enhancements under section 12022.53, subdivision (d) ].) The trial court should also have an opportunity to strike enhancements under section 12022.5, subdivision (a), one of which the court imposed and the other the court stayed.
DISPOSITION
The judgment of conviction is affirmed. The sentence is vacated. The matter is remanded for the limited purpose of allowing the trial court to exercise its discretion under sections 12022.5, subdivision (c), and 12022.53, subdivision (h).
We concur:
PERLUSS, P.J.
ZELON, J.

Statutory references are to the Penal Code.

See footnote *, ante .

Section 12022.53, subdivision (f), provides: "If more than one enhancement per person is found true under this section, the court shall impose upon that person the enhancement that provides the longest term of imprisonment."

Section 12022.5, subdivision (c), and section 12022.53, subdivision (h), now both provide: "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section."