Filed 12/7/21  P. v. Douglas CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TYRONE ARTHUR DOUGLAS,<br><br>Defendant and Appellant. | C093370<br><br>(Super. Ct. No. 13F00422 ) |

Defendant Tyrone Arthur Douglas appeals the trial court's denial of the Department of Corrections and Rehabilitation's (CDCR) recommendation under Penal Code[1] section 1170, subdivision (d)(1) (section 1170 (d)(1)), that the trial court consider recalling defendant's sentence and resentencing him.  Defendant contends the trial court

---

[1]  Undesignated statutory references are to the Penal Code.

1

abused its discretion in denying the recommendation by relying solely on the facts of his conviction, without considering postconviction factors.

We requested supplemental briefing from the parties on the effect of the newly enacted legislation, Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Assembly Bill No. 1540), on defendant's appeal, including specifically whether reversal of the order is required to allow the trial court to apply the presumption of this new legislation. (Stats. 2021, ch. 719, §§ 1-7). Because the measure will likely take effect before this case is final, the People request we reverse and remand for reconsideration the request after the new law takes effect. We reverse and remand.

## BACKGROUND[2]

Defendant and his then-girlfriend got into a fight one night, during which he hit her, repeatedly threatened to kill her, refused to let her leave the apartment, and took her phone and wallet from her purse. (*People v. Douglas* (Dec. 18, 2017, C076525) [nonpub. opn.] [at pp. 2-3].)[3] A jury found defendant guilty of grand theft from a person (§ 487, subd. (c)), making a criminal threat (§ 422), false imprisonment (§ 236), and misdemeanor domestic battery (§ 243, subd. (e)(1)). (*Douglas,* [at p. 1].) In bifurcated proceedings, the trial court found true a prior serious felony conviction. (§§ 667, subd. (a), 1170.12, subds. (b)-(i).) (*Douglas,* [at pp. 1-2].) On appeal, we reduced defendant's conviction for grand theft from a person to misdemeanor petty theft, and otherwise affirmed the conviction. (*Id.* [at pp. 2, 27].) Ultimately, the trial court sentenced defendant to a term of 13 years eight months in prison.

---

[2] The substantive facts underlying defendant's conviction are not relevant to our disposition on appeal and are therefore not recounted here.

[3] Defendant requested we take judicial notice of our prior unpublished opinion affirming his conviction in *People v. Douglas, supra*, C076525. The People did not file any opposition. We construe the request as a motion to incorporate the record in case No. C076525 and grant that motion.

2

In 2019, the Governor signed Senate Bill No. 1393 (2017-2018 Reg. Sess.), giving courts discretion to strike the five-year prior serious felony enhancement (Stats. 2018, ch. 1013, §§ 1-2.). Based on this new discretion, in February 2020, the CDCR recommended defendant's sentence be recalled and that he be resentenced under section 1170 (d)(1). The letter also included documents reflecting defendant's assignment and disciplinary history in prison. The trial court appointed counsel and held a hearing on the matter. Defendant submitted documentation describing the programs he had completed, as well as his work while in prison, good behavior, personal growth, and letters of support from family members. The prosecutor opposed the motion given defendant's violent conduct and reoffending so quickly after his prior felony. Following the hearing, the trial court denied the recommendation. The trial court noted defendant's conduct in prison and letters in support, but concluded his offense was violent and he had only recently been released from prison when he committed the commitment offense. Accordingly, the trial court found it was not in the interest of justice to reduce defendant's sentence.

## DISCUSSION

### I

While this appeal was pending, the Governor signed Assembly Bill No. 1540, which effective January 1, 2022, moves the resentencing and recall provisions of section 1170 (d)(1) to new section 1170.03 (Stats. 2021, ch. 719 §§ 1-7). We requested supplemental briefing on the effect of this new legislation on this appeal. The parties agree the matter must be remanded to allow the trial court to reconsider the request after the new law takes effect.

Initially, we note, in its findings and declarations, the Legislature explicitly indicated its intent that these resentencing proceedings, "apply ameliorative laws passed by this body that reduce sentences or provide for judicial discretion, regardless of the date of the offense or conviction." (Assem. Bill No. 1540 , Stats. 2021, ch. 719, § 1, subd. (i); *People v. Pillsbury* (2021) 69 Cal.App.5th 776, 788 ["[W]hen the Secretary recommends

3

recall and resentencing under section 1170 (d)(1), trial courts have the authority to resentence defendants at any time based on an ameliorative change in the law giving courts discretion to strike or dismiss enhancements under section 1385, subdivision (a), even after the defendant's judgment is final and even when the original sentence was the product of a plea agreement."].)

Section 1170.03 adds a number of requirements to the recall and resentencing process, including notice, appointment of counsel, a hearing, and a statement of reasons for the ruling on the record. (Assem. Bill No. 1540, Stats. 2021, ch. 719, § 3.1, subd. (a)(6), (7), & (8).) The new statute also provides that where, as here, the recall and resentencing recommendation is made by the CDCR, "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (Assem. Bill No. 1540, Stats. 2021, ch. 719, § 3.1, subd. (b)(2).) This provision adds a new element to the trial court's exercise of its discretion.

" ' "Defendants are entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that 'informed discretion' than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record." ' " (*People v. Billingsley* (2018) 22 Cal.App.5th 1076, 1081; *People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8.) At the time the court considered the CDCR recommendation, there was not a statutory presumption favoring recall and resentencing unless a defendant presents an unreasonable risk of danger to public safety. Accordingly, we must remand the matter to allow the trial court to exercise its discretion in light of that presumption.

Because the judgment as to the CDCR's recall and resentencing petition will not be final until after the new section 1170.03 takes effect, we remand the matter to the trial

4

court for further proceedings, to occur after January 1, 2022. (*People v. Cepeda* (2021) 70 Cal.App.5th 456, 471-472; *People v. Garcia* (2018) 28 Cal.App.5th 961, 973 [because the defendant's judgment will not be final until after effective date of relevant Senate Bill, it is appropriate to remand for proceedings after the effective date].)

## DISPOSITION

The order declining to recall defendant's sentence is reversed. The matter is remanded to the trial court for further proceedings on the recall and resentencing recommendation, to be held after January 1, 2022, applying the newly enacted section 1170.03 as added by Assembly Bill No. 1540. (See *People v. Garcia, supra*, 28 Cal.App.5th at p. 974.)



\s\                      ,
BLEASE, Acting P. J.


We concur:



\s\          ,
ROBIE, J.



\s\          ,
MAURO, J.

5