Filed 6/1/22  P. v. Ballard CA1/3
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>TRUMILLION BALLARD,<br><br>      Defendant and Appellant. | A155287<br><br>(City & County of San Francisco Super. Ct. Nos. 12018288, 221133-02) |

### OPINION ON TRANSFER[1]

A jury found defendant Trumillion Ballard guilty of, among other things, first degree murder (§ 187, subd. (a)), and it found true a firearm enhancement that Ballard "personally and intentionally discharge[d] a firearm and proximately cause[d] great bodily injury."  (§ 12022.53, subd. (d); *People v. Ballard* (Feb. 22, 2021, A155287) [nonpub. opn.], review granted May 12, 2021, and cause remanded Apr. 27, 2022, S267308 (*Ballard*).)  In August 2018, the trial court sentenced Ballard to 50 years to life in prison — 25 years to life for the first degree murder conviction and a consecutive 25

---

[1] We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1, reciting only those facts necessary to resolve the issue raised.  Undesignated statutory references are to the Penal Code.

1

years to life for the firearm enhancement. (*Ballard*, A155287.) Without stating its reasons, the court rejected Ballard's request that it exercise its discretion under section 12022.53, subdivision (h) to strike the firearm enhancement. (*Ballard*, A155287.)

Ballard appealed, arguing remand was necessary for the trial court to consider whether to exercise its discretion to strike the section 12022.53, subdivision (d) firearm enhancement carrying a term of 25 years to life, and to impose a lesser, 10-year or 20-year enhancement under subdivisions (b) or (c). (*Ballard*, *supra*, A155287, rev.gr.) We rejected this argument in our prior opinion, concluding the court lacked the discretionary authority to strike a firearm enhancement and impose a lesser enhancement that was not found true. (*Ibid.*) The California Supreme Court granted review, then transferred the matter to this court with directions to vacate our decision and reconsider the cause in light of its decision in *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*). Based on *Tirado*, we now agree remand for resentencing is necessary.

There are three firearm enhancements under section 12022.53 — a 10-year enhancement for personal use of a firearm (*id.*, subd. (b)); a 20-year enhancement for the personal and intentional discharge of a firearm (*id.*, subd. (c)); and a 25-years-to-life enhancement for personal and intentional discharge of a firearm causing great bodily injury or death to a person other than an accomplice (*id.*, subd. (d)). At sentencing, the trial court may, in the interest of justice, strike or dismiss an enhancement it was otherwise required to impose. (*Id.*, subd. (h).) The court may impose any enhancement if "the existence of any fact required under subdivision (b), (c), or (d)" is

"alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact." (*Id.*, subd. (j).)

In *Tirado*, the court determined a trial court striking or dismissing a section 12022.53, subdivision (d) enhancement has the discretion "under section 12022.53 [subdivision (j) to] impose an enhancement under [subdivisions (b) or (c)]" even if the lesser enhancements were not specifically charged or found true by a jury. (*Tirado, supra,* 12 Cal.5th at pp. 696, 700.) The court reasoned that by finding the greater subdivision (d) enhancement true, the jury necessarily found true the facts supporting the lesser enhancements under subdivisions (b) and (c). (*Tirado,* at p. 700 [allegation that defendant " 'did personally and intentionally discharge a firearm which proximately caused great bodily injury or death to another person,' " referred to facts necessary to prove both the "use requirement" for a subdivision (b) enhancement and the "discharge element" for a subdivision (c) enhancement].)

Remand is necessary for the trial court to determine whether to strike the section 12022.53, subdivision (d) enhancement and impose a lesser enhancement. Ballard is entitled to sentencing decisions made in the exercise of the court's informed discretion. (*People v. Billingsley* (2018) 22 Cal.App.5th 1076, 1081.) But the court could not exercise this informed discretion since it was unaware of the scope of its discretionary powers. (*Ibid*.) At the time of Ballard's sentencing, "no published case had held an uncharged lesser firearm enhancement could be imposed in lieu of an enhancement under section 12022.53, subdivision (d) in connection with striking the greater enhancement," and the record does not indicate "the court considered the issue now raised" or anticipated the *Tirado* decision. (*People v. Morrison* (2019) 34 Cal.App.5th 217, 224 [remanding for

3

resentencing]; *Ballard*, *supra*, A155287, rev.gr.)  Hence, the record does not demonstrate the court understood the scope of its discretion when denying Ballard's request to strike the section 12022.53, subdivision (d) enhancement. (*Morrison*, at p. 224.)

Contrary to the Attorney General's assertions, Ballard did not forfeit his claim regarding the trial court's discretion to impose a lesser enhancement by failing to raise it below.  Parties may be excused for failing to raise an issue where an objection is " 'wholly unsupported by substantive law then in existence.' " (*People v. Brooks* (2017) 3 Cal.5th 1, 92.)  We also reject the Attorney General's assertion the trial court was presumed to know and apply the correct statutory and case law.  That presumption does not apply here since "the law in question was unclear or uncertain when the lower court acted." (*People v. Jeffers* (1987) 43 Cal.3d 984, 1000.)

## DISPOSITION

The case is remanded for the trial court to consider whether to strike the enhancement under section 12022.53, subdivision (d), and impose a lesser enhancement.  The judgment is otherwise affirmed.

_____

Rodríguez, J.

WE CONCUR:

_____

Fujisaki, Acting P. J.

_____

Petrou, J.

A155287