Filed 1/30/23 P. v. Adams CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DARRELL EDWARD ADAMS,<br><br>    Defendant and Appellant. | G060984<br><br>(Super. Ct. No. RIF108462)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Riverside County, John D. Molloy, Judge. Reversed and remanded with directions.

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

In 2007, a jury convicted Darrell Edward Adams of attempted murder and related crimes. The trial court found true several sentence enhancements, including a (then) mandatory and consecutive great bodily injury (GBI) firearm enhancement of 25 years to life. (Pen. Code, § 12022.53, subd. (d).)[1] Since then, the case has gone through several postjudgment proceedings over many years. On December 6, 2021, at a resentencing hearing, the court declined to exercise its now existing discretion to dismiss the firearm enhancement. Adams appeals from the trial court's ruling.

Generally, when a person personally discharges a firearm causing GBI or death, a trial court must impose a consecutive sentence of 25 years to life. (§ 12022.53 (d).) However, effective January 1, 2018, the Legislature amended the statute so a trial court can now dismiss the firearm enhancement in the interests of justice. (§ 12022.53 (h).) And further, on January 20, 2022, the California Supreme Court clarified that a trial court also has the discretion to reduce the firearm enhancement to a lesser determinate term (10 or 20 years). (*People v. Tirado* (2022) 12 Cal.5th 688, 692 (*Tirado*).)

Adams argues that because the Supreme Court filed the *Tirado* opinion several weeks after his resentencing hearing, the trial court was unaware of its discretion to impose a lesser term (10 or 20 years) for the firearm enhancement. (*Tirado*, *supra*, 2 Cal.5th at p. 692.) Adams contends that a remand is necessary so the trial court can exercise its informed discretion at another resentencing hearing.

*Ex abundanti cautela* (out of an abundance of caution), we agree. (See *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 ["'Defendants are entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court'"].) Thus, we reverse the trial court's December 6, 2021, sentencing order and remand the matter with directions to conduct another resentencing hearing.

---

[1] Further undesignated statutory references are to the Penal Code. From this point forward, we shall also omit the word "subdivision" and/or its abbreviation.

# I

## FACTS AND PROCEDURAL BACKGROUND

In 2003, Adams contacted J. Gray to purchase his vehicle. When Gray arrived at Adams's apartment, Adams said he needed to go somewhere else to get some more money. Gray and Adams went in Adams's car. At one point, Adams stopped on a dark, dirt road. Adams then shot Gray in the torso. Gray got out of the car and ran. Adams followed Gray and shot him three more times. Adams went back to his car and drove away. Someone nearby heard the shots and called 911. Gray was transported to a hospital, underwent surgery, and survived.

In 2007, a jury found Adams guilty of premeditated attempted murder, and illegally possessing a firearm and ammunition. The jury found true an allegation Adams personally and intentionally discharged a firearm causing GBI. (§ 12022.53 (d).) The trial court further found true a strike prior, a prison prior, and a serious felony prior. The court imposed a prison sentence of 39 years to life, plus 10 years. This court reversed the judgment on direct appeal due to evidentiary errors. (*People v. Adams* (Nov. 17, 2009, G041461) [nonpub. opn.].)

In 2010, after a retrial, a second jury found Adams guilty of the same crimes; the same sentencing enhancements were also found true. The trial court imposed a prison sentence of 39 years to life, plus 13 years and four months. This court reversed the sentence because the new sentence was greater than the original sentence. (*People v. Adams* (Oct. 11, 2012, G044831) [nonpub. opn.].)

In 2013, the trial court resentenced Adams, imposing the same original sentence of 39 years to life, plus 10 years. In a habeas corpus proceeding, this court vacated the sentence because Adams was not present at the resentencing hearing. (*In re Adams* (Mar. 19, 2018, G049156 [nonpub. opn.].)

In 2018, the trial court again resentenced Adams (who was now present at the hearing). The court again imposed a sentence of 39 years to life, plus 10 years. This

3

court reversed the sentence and again remanded the matter for resentencing, primarily due to intervening ameliorative legislative changes to the prison prior statute (§ 667.5 (b)), the serious felony prior statute (§ 667 (a)), and the firearm enhancement statute (§ 12022.53). (*People v. Adams* (Apr. 1, 2020, G056679 [nonpub. opn.].)

On December 6, 2021, the trial court conducted the latest resentencing hearing. The court imposed a sentence of 39 years to life, plus nine years (the court did not impose the one-year prison prior). The court declined to dismiss the serious felony prior, the strike prior, and the section 12022.53 (d) firearm enhancement.

## II

## DISCUSSION

Adams contends: "Remand is again required so the trial court can exercise informed discretion and consider the triad of possible terms for the Penal Code Section 12022.53, subdivision (d) firearm enhancement." (Boldfacing & capitalization omitted.) We agree.[2]

Generally, sentencing errors are reviewed for an abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) However, there are varying degrees of deference within this standard of review. (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711-712.) A "trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." (*Ibid*., fns. omitted.) Here,

---

[2] Adams also argues we should remand the matter due to recent statutory amendments to section 1385, Statutes 2021, chapter 721, section 1, effective January 1, 2022, stating "factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice." (*People v. Sek* (2022) 74 Cal.App.5th 657, 674.) Because we are reversing the sentence on different grounds, it is not necessary for us to address this retroactivity argument. The Attorney General concedes the trial court will be obligated to apply the amended section 1385 factors at the resentencing hearing on remand.

Adams's claim of sentencing error involves a pure legal issue, which we review de novo. (*Burden v. Snowden* (1992) 2 Cal.4th 556, 562.)

Ordinarily, if a defendant *uses a firearm* during a specified felony, a trial court must impose a consecutive sentence of 10 years in state prison. (§ 12022.53 (b).) If a defendant *personally and intentionally discharges a firearm* during a specified felony, a court must impose a consecutive sentence of 20 years. (§ 12022.53 (c).) And if a defendant *personally discharges a firearm causing GBI or death*, a court must impose a consecutive sentence of 25 years to life. (§ 12022.53 (d).) However, effective January 1, 2018, the Legislature amended section 12022.53 so a trial court can now dismiss the firearm enhancement in the interests of justice. (§ 12022.53 (h).)

On April 11, 2019, the First District Court of Appeal filed an opinion interpreting the scope of a trial court's discretion to dismiss a firearm enhancement under section 12022.53 (h). (*People v. Morrison* (2019) 34 Cal.App.5th 217 (*Morrison*).) In *Morrison*, the appellate court held that a trial court at sentencing also has the discretion to strike a section 12022.53 (d) enhancement (25 years to life) and replace it with a section 12022.53 (b) enhancement (10 years), or a section 12022.53 (c) enhancement (20 years), even though neither of those lesser included enhancements were charged by the prosecution or found true by a jury. (*Morrison*, at p. 222.)

On August 12, 2019, the Fifth District Court of Appeal filed an opinion disagreeing with *Morrison*, *supra*, 34 Cal.App.5th 217. (*People v. Tirado* (2019) 38 Cal.App.5th 637, review granted Nov. 13, 2019, S257658.) The appellate court held that a trial court only had "binary" power under section 12022.53 (h). (*Tirado*, at p. 643.) That is, a sentencing court could either strike a section 12022.53 (d) enhancement or impose it; however, the appellate court concluded that a trial court "could not strike the enhancement and substitute a different unalleged enhancement." (*Tirado*, at p. 643.)

On January 20, 2022, the California Supreme Court filed an opinion reversing the Fifth District Court of Appeal, and ultimately resolving the split of

5

authority: "When an accusatory pleading alleges and the jury finds true the facts supporting a section 12022.53(d) enhancement, and the court determines that the section 12022.53(d) enhancement should be struck or dismissed under section 12022.53(h), the court may, under section 12022.53(j), impose an enhancement under section 12022.53(b) or (c)." (*Tirado*, *supra*, 12 Cal.5th at p. 700.)

Generally, when a criminal defendant is being sentenced, that "defendant is entitled to decisions made by a court exercising *informed discretion*." (*Tirado*, *supra*, 12 Cal.5th at p. 694, italics added.) "A court which is unaware of the scope of its discretionary powers can no more exercise that 'informed discretion' than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record." (*People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8.) "A court acting while unaware of the scope of its discretion is understood to have abused it." (*Tirado*, at p. 694.) Ordinarily, legislative changes that may ameliorate a criminal defendant's punishment apply retroactively to cases not yet final on appeal. (See, e.g., *People v. Flores* (2022) 77 Cal.App.5th 420, 429; *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 307; *In re Estrada* (1965) 63 Cal.2d 740, 744.)

On December 6, 2021, at Adams's latest resentencing hearing, the trial court listened to arguments from both parties. The court then discussed cases involving other defendants in which the court had favorably exercised its sentencing discretion, such as when the defendants had demonstrated they were "trying to change in an extraordinary meaningful way." The court orally reviewed Adams's criminal record, the circumstances of the underlying crime, and his reported conduct in prison. The court noted two reports of fighting on the same day, two dates where Adams had a cell phone in prison, two positive drug tests, and one instance of alcohol possession. The court concluded given "the lack of anything that demonstrates to the court that he has experienced the type of epiphany I described before," the court saw "no reason" to exercise its discretion to dismiss the serious felony "nickel" prior, the strike prior, or the

6

section 12022.53 (d) firearm enhancement.

As to the firearm enhancement, the trial court said: "The Court is mindful of its 12022.53 discretion. On balance, [Adams], at the time of his original conviction, was a poster child for the 12022.53 enhancement, and I see nothing that has changed that. He is sentenced -- you are sentenced to 25 years to life for the allegation. That is to run consecutive to the term served in Count 1 for a total aggregate indeterminate term of 39 years to life." The court then added an additional determinate term of nine years.

Here, there is nothing in the record to show the trial court was aware of the scope of its discretion at the time of the resentencing hearing. That is, it appears the court was unaware it could strike the section 12022.53 (d) firearm enhancement (25 years to life), while also having the ability to impose a lower prison term of 10 or 20 years. This is entirely understandable as our Supreme Court filed *Tirado*, *supra*, 12 Cal.5th 688, a few weeks after the latest resentencing hearing. Thus, we are remanding the matter so the court can exercise its *informed* discretion at another full resentencing hearing. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893.) The court, of course, will be obligated to follow all sentencing laws that may be in place at that time (a moving target to be sure).

Adams also argues the trial court failed to recalculate his custody credits at the latest resentencing hearing and the Attorney General concedes the error. Thus, the court is further instructed to recalculate Adams's custody credits on remand.

The Attorney General argues at the time of the resentencing hearing on December 6, 2021, there was at least a split of authority about the scope of a trial court's discretion under section 12022.53, and therefore Adams's "failure to request the remedy he now seeks has resulted in a forfeiture of his claim." (See *Perez v. Grajales* (2008) 169 Cal.App.4th 580, 591-592 ["arguments raised for the first time on appeal are generally deemed forfeited"].) However, we can see no conceivable tactical explanation for the defense counsel's failure to advise the court of the split of authority or the scope of its discretion. (See *People v. Kendrick* (2014) 226 Cal.App.4th 769, 778-780.) Therefore,

7

we elect to exercise our discretion to consider Adams's claim notwithstanding any possible forfeiture. (See *People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6 [stating that an appellate court generally has discretion to consider unpreserved claims].)

Alternatively, the Attorney General argues "the trial court in this case was presumably aware of its discretion to impose a lesser firearm enhancement under *Morrison's* holding." (*Morrison*, *supra*, 34 Cal.App.5th at p. 223.) But again, we find nothing in the record to support that argument. Indeed, the *Morrison* case was not raised by either party, nor were there any comments by the trial court at the resentencing hearing regarding the scope of its discretion (to possibly impose a lesser term of 10 or 20 years). (Compare *Keep Our Mountains Quiet v. County of Santa Clara* (2015) 236 Cal.App.4th 714, 740 [appellate court presumed the trial court understood the scope of its discretion to apply a "multiplier" to an attorney fee award where the trial court had stated, "'[n]o multiplier is justified here'"].)

Finally, the Attorney General argues: "Even if the trial court was unaware of its discretion, remand is unnecessary, as the trial court would not have imposed a lesser-included firearm enhancement." (Boldfacing omitted.) The Attorney General makes a valid point and may be correct. But out of an abundance of caution, we decline to make such a consequential assumption. (See *People v. Morrison, supra*, 34 Cal.App. 5th at pp. 223-225 [the appellate court remanded the case for the trial court to exercise its *informed discretion* under section 12022.53]; see also *People v. Billingsley* (2018) 22 Cal.App.5th 1076, 1080-1082 [the appellate court remanded the case for the trial court to exercise its *informed discretion*, even where trial court had previously stated, "'quite frankly, this is not the kind of case I would stay the gun allegation'"].)

## III

## DISPOSITION

The trial court's December 6, 2021, resentencing order is reversed. The court is directed to conduct a full resentencing hearing on remand. The court is further directed to recalculate custody credits, modify the abstract of judgment, and send a certified copy to the Department of Corrections and Rehabilitation.


MOORE, ACTING P. J.

WE CONCUR:


GOETHALS, J.


SANCHEZ, J.