Filed 11/7/24  P. v. Moten CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B334147 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A469656) |
| v. | |
| JESSE MOTEN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Joseph R. Porras, Judge.  Affirmed with directions.

Tracy J. Dressner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield and William H. Shin, Deputy Attorneys General, for Plaintiff and Respondent.

_____

# INTRODUCTION

Jesse Moten appeals the superior court's resentencing order pursuant to Penal Code section 1172.75.[1]  The court struck Moten's one-year enhancement for a prior prison term under section 667.5, subdivision (b), as required by section 1172.75.  But the court did not dismiss Moten's two-year section 12022.5, subdivision (a), enhancement for personal use of a firearm during a felony.  Moten argues the court abused its discretion by focusing on the circumstances of the underlying offense and giving insufficient weight to his mitigating evidence.  We affirm the superior court's resentencing order, but we remand for the court to recalculate Moten's custody credits.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *Original Conviction and Sentence*

In 1986, Moten shot and killed Berniece McCutcheon.[2] McCutcheon's son, Wayne Eldridge, was arguing with a neighbor, Margaret Dirks.  During the argument, Moten and an accomplice approached Eldridge.  Moten and the accomplice both carried guns.  McCutcheon tried to intervene in the argument and everyone dispersed.  Moten then returned, "ran toward McCutcheon's house" and fired a shot inside, killing McCutcheon.

---

[1]    All statutory references are to the Penal Code.

[2]    We relate the underlying facts from our previous unpublished opinion affirming the denial of Moten's section 1172.6 petition.  (See *People v. Moten* (Aug. 25, 2021, B310461) [nonpub. opn.].)

After a jury trial, Moten was convicted in 1986 of second degree murder (§ 187, subd. (a)), with a true finding that he personally used a firearm within the meaning of section 12022.5, subdivision (a). Moten was sentenced to a prison term of 15 years to life, plus two years for the firearm enhancement and one year for a prior prison term enhancement pursuant to section 667.5, subdivision (b).

B.     *Resentencing Proceedings*

In August 2022, the superior court identified Moten's case for resentencing under former section 1171, subdivision (a), now section 1172.75.[3] Moten was represented by appointed counsel.

The People filed an opposition to Moten's resentencing, arguing that Moten "continue[d] to be a danger to public safety" such that "[r]esentencing beyond the . . . [strike] of one year for the PC 667.5 allegation would not be in the interests of justice." The People argued that Moten's criminal history—including misdemeanor theft, robbery while using a deadly weapon, and receiving stolen property—counseled against a lower sentence. The People also cited Moten's prison disciplinary history for "delaying/disobeying staff, theft of state property, possession of inmate-made alcohol, refusal to provide a urine sample, attempted battery on a peace officer, possession of dangerous contraband (double-sided safety razor blade), possession of methamphetamine and marijuana, and testing positive for illicit substances (THC, morphine, codine [*sic*])." The People further

---

[3]     In 2022, the Legislature renumbered section 1171.1 as section 1172.75 without substantive change. (See *People v. Christianson* (2023) 97 Cal.App.5th 300, 305, fn. 2, review granted Feb. 21, 2024, S283189.)

3

noted that Moten's "Comprehensive Risk Assessment" at his March 2022 parole hearing "still had him at a moderate risk rating for future violence."

Moten sent a letter to the court in pro per, requesting "lodgement [*sic*] of documents" from his "Relapse Prevention Plan," including an apology letter to McCutcheon's family, a parole plan, and a "[s]ociety [r]e-entry [o]utline." Moten's appointed counsel also filed a memorandum in support of resentencing. Moten asked the court to "[s]trike his 1-year prior, Penal Code § 667.5(b) enhancement and . . . to exercise its discretion pursuant to Penal Code § 1385 and strike or dismiss the personal use of a firearm sentence imposed pursuant to Penal Code § 12022.5." He argued that he was "currently 61 years old and has been incarcerated for approximately 36 years on the instant case." He admitted "issues with drugs and alcohol addiction in his past," causing "a few [disciplinary] violations," but asserted that since 2016, he had been "free of serious disciplinary behavior," shown "positive work performance," completed "rehabilitation classes," and "received very favorable comments from his supervisors over the past several years."

On August 18, 2023, the court conducted a resentencing hearing. The court struck Moten's one-year section 667.5, subdivision (b), prior prison term enhancement. The court then addressed the "full resentencing" under section 1172.75, and stated that "the only real discretionary allegation or sentence that's even at issue here is the two years that were imposed back in 1986 pursuant to Penal Code section 12022.5." The court declined to dismiss the firearm enhancement under section 12022.5, subdivision (a), because "Mr. Moten fired into this dwelling and killed the victim in the case. You know, he was

the actual killer. That is a very dangerous act. The court feels that this individual is, in fact, a danger to public safety and reducing his sentence any further would be endangering the public at large and society."

The court ordered that "the [custody] credits are to be recalculated by [the California Department of Corrections and Rehabilitation (CDCR)]."

Moten timely appealed.

## DISCUSSION

Moten argues the superior court abused its discretion by declining to strike or dismiss his section 12022.5, subdivision (a), firearm enhancement. He also contends the court erred by delegating the calculation of his sentencing credits to CDCR.

A.    *Governing Law and Standard of Review*

Effective January 1, 2022, Senate Bill No. 483 (2021-2022 Reg. Sess.) added then section 1171.1, now section 1172.75, to the Penal Code. (See *People v. Green* (2024) 104 Cal.App.5th 365, 470 (*Green*); *People v. Monroe* (2022) 85 Cal.App.5th 393, 399 (*Monroe*).) "Section 1172.75, subdivision (a) invalidates '[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense.'" (*Green*, at p. 370; accord, *Monroe*, at p. 399.) Once CDCR identifies a defendant serving a sentence that includes a section 667.5 enhancement, and the court "verif[ies]" this information, "the court shall recall the sentence and resentence

5

the defendant." (§ 1172.75, subds. (b), (c); see *People v. Cota* (2023) 97 Cal.App.5th 318, 330.)

In addition to striking the invalid section 667.5 enhancements, "section 1172.75 requires full resentencing where now-invalid enhancements were imposed." (*People v. Espino* (2024) 104 Cal.App.5th 188, 195, review granted Oct. 23, 2024, S286987; accord, *Monroe, supra*, 85 Cal.App.5th at p. 402.) Section 1172.75 "provides that when resentencing occurs, the trial court shall apply 'any other changes in law that reduce sentences' when striking a prison prior (§ 1172.75, subd. (d)(2))." (*People v. Coddington* (2023) 96 Cal.App.5th 562, 568; accord, *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 466.) Further, "section 1172.75[,] subdivision (d)(1) creates a presumption that the resentencing 'shall result in a lesser sentence than the one originally imposed,'" (*Monroe*, at p. 402) "unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).) Finally, the resentencing court "may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

The Legislature amended section 12022.5 in 2018 to "give the trial court discretion to strike, in the interest of justice, a firearm enhancement imposed under [this] statute[]." (*People v. Billingsley* (2018) 22 Cal.App.5th 1076, 1079-1080; accord,

6

*Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 496 (*Nazir*); see § 12022.5, subd. (c) ["The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section."].) "In determining whether to dismiss a firearm enhancement under section 12022.5 . . ., a court considers the same factors considered "'when handing down a sentence in the first instance.'" (*Nazir*, at p. 497.) "These factors include those listed in California Rules of Court, rule 4.410 (general objectives in sentencing), rules 4.421 and 4.423 (circumstances in aggravation and mitigation), and rule 4.428(b) (discretion in striking an enhancement and punishment for an enhancement under § 1385)," which encompass "circumstances specific to the crime and the defendant's criminal history" and the "broader societal objectives" of deterring criminal conduct and increasing public safety. (*Nazir*, at p. 497.)

The Legislature also amended section 1385 in 2022 to provide that, "[n]otwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so." (§ 1385, subd. (c)(1); see *People v. Mendoza* (2023) 88 Cal.App.5th 287, 295 (*Mendoza*).) "In exercising its discretion under [section 1385, subdivision (c)], the court shall consider and afford great weight to evidence offered by the defendant" as to certain enumerated mitigating circumstances. (§ 1385, subd. (c)(2).) Under section 1385, "[p]roof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the

7

dismissal of the enhancement would result in physical injury or other serious danger to others." (*Ibid.*)

We review for abuse of discretion the resentencing court's determination under section 1385 that dismissal of Moten's firearm enhancement would endanger public safety. (See *Mendoza, supra,* 88 Cal.App.5th at p. 298; accord, *Nazir, supra,* 79 Cal.App.5th at p. 490 [reviewing denial of motion to dismiss § 12022.5 enhancement under § 1385 for abuse of discretion].) "'Where, as here, a discretionary power is statutorily vested in the trial court, its exercise of that discretion "must not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice."'" (*People v. Buford* (2016) 4 Cal.App.5th 886, 895, italics omitted.) "[I]n the absence of a clear showing that its sentencing decision was arbitrary or irrational, a trial court should be presumed to have acted to achieve legitimate sentencing objectives." (*People v. Giminez* (1975) 14 Cal.3d 68, 72; accord, *People v. Parra Martinez* (2022) 78 Cal.App.5th 317, 322 (*Parra Martinez*).) "The [sentencing] decision will be upheld so long as there is a reasonable or even fairly debatable justification under the law for the court's decision." (*Parra Martinez,* at p. 322.)

B.    *The Resentencing Court Did Not Abuse its Discretion by Declining To Dismiss Moten's Section 12022.5 Enhancement*

Moten argues that "the trial court abused its discretion when it failed to give any weight to appellant's mitigation [evidence] and relied solely upon the immutable facts from appellant's 37 []year-old crime." He states that "he [was not] a

8

model prisoner during his early imprisonment, but he had changed his ways in the previous 14 years." He further contends that he was "paroled after the resentencing hearing," which in his view confirmed that he did not pose a danger to public safety.

The court did not abuse its discretion by declining to strike or dismiss Moten's section 12022.5 firearm enhancement. The court was authorized to consider the "circumstances specific to the crime" in deciding whether dismissing the enhancement would endanger public safety. (*Nazir, supra,* 79 Cal.App.5th at p. 497; Cal. Rules of Court, rule 4.421.) The court's conclusion, based on the facts of the underlying crime, that dismissing the firearm enhancement would endanger public safety was not an abuse of discretion. (See *Mendoza, supra,* 88 Cal.App.5th at p. 299 ["'incredibly harmful and dangerous conduct'" of "discharg[ing] a gun with victims present in a residence" supported superior court's determination that dismissing firearm enhancement would endanger public safety]; *Parra Martinez, supra,* 78 Cal.App.5th at pp. 322-323 [no abuse of discretion in declining to dismiss firearm enhancement based on "'very serious'" facts of offense, even though defendant was "apologetic" and lacked serious criminal history]; *People v. Cervantes* (2021) 72 Cal.App.5th 326, 332 [court properly exercised discretion not to strike § 12022.5 enhancement due to "the serious nature of appellant's . . . acts of violence" and his "potential danger to the community"].)

The evidence in the record amply supports the court's decision. Moten's criminal history supported a finding of aggravating factors under the California Rules of Court, rule 4.421(b), that "defendant's prior convictions . . . are numerous or of increasing seriousness" and "defendant has

9

served a prior term in prison." And under section 1172.75, subdivision (d)(3), the court could consider Moten's "disciplinary record . . . while incarcerated," which contained several violations, including insubordination, theft of state property, possession of inmate-made alcohol, attempted battery on a peace officer, possession of dangerous contraband and drugs, and positive drug tests.

Although Moten contends the superior court "ignored" and "failed to give any weight" to his mitigating evidence, "[t]he trial court's mere failure to mention expressly" the evidence he "presented in mitigation . . . does not mean the trial court ignored or overlooked such evidence, but simply indicates that the court did not consider such evidence to have appreciable mitigating weight." (*People v. Samayoa* (1997) 15 Cal.4th 795, 860.) At Moten's resentencing, the court stated it had received Moten's resentencing memorandum, which detailed his mitigating evidence. "The trial court is not required to set forth its reasons for rejecting a mitigating factor," and "unless the record affirmatively indicates otherwise, the trial court is deemed to have considered all relevant criteria, including any mitigating factors." (*People v. Holguin* (1989) 213 Cal.App.3d 1308, 1317-1318.) The court did not abuse its discretion by failing to mention Moten's mitigating evidence.[4] (See *Mendoza*, *supra*,

---

[4] Moten also contends the superior court erred in finding that striking the firearm enhancement would be "a danger to public safety" under section 1385, subdivision (c)(2). But Moten did not argue that he established any of these mitigating circumstances, including that: the enhancement would result in discriminatory racial impact or could result in a sentence of over 20 years (see § 1385, subds. (c)(2)(A), (C)); multiple enhancements

10

88 Cal.App.5th at p. 299 [rejecting defendant's argument that "the trial court did not consider certain mitigating factors," including "his 'demonstrated commitment to rehabilitation,'" because "section 1385(c)(2) does not require the trial court to consider any particular factors" in determining dismissal of firearm enhancement would endanger public safety].)

Finally, although Moten was released on parole after his resentencing hearing, this change in circumstances does not establish that the superior court abused its discretion at the time of resentencing. (See *People v. Loper* (2015) 60 Cal.4th 1155, 1168, fn. 5, quoting *In re Zeth S.* (2003) 31 Cal.4th 396, 405 ["It has long been the general rule and understanding that 'an appeal reviews the correctness of a judgment as of the time of its rendition, upon a record of matters which were before the trial court for its consideration.'"].) At the time of the resentencing in August 2023, Moten's most recent parole hearing deemed him a "moderate risk rating for future violence," and the presiding parole commissioner noted his "failure to accept responsibility" for the underlying offense or his disciplinary violations. The superior court did not abuse its discretion by declining to dismiss Moten's section 12022.5 firearm enhancement in the interest of justice.

---

are alleged (see *id.*, subd. (c)(2)(B)); the current offense is not a violent felony (see *id.*, subd. (c)(2)(F); the offense was connected to mental illness, prior victimization or childhood trauma (see *id.*, subds. (c)(2)(D), (E)); he was a juvenile at the time of the offense (see *id.*, subd. (c)(2)(G)); the enhancement was based on a prior conviction over five years old (see *id.*, subd. (c)(2)(H)); or the firearm used in the current offense was inoperable or unloaded (see *id.*, subd. (c)(2)(I)).

C.    *Remand is Necessary for the Calculation of Moten's Sentencing Credits*

Moten argues, the People concede, and we agree the trial court erred by assigning the calculation of Moten's sentencing credits to CDCR.  "[W]hen a prison term already in progress is modified . . . , the sentencing court must recalculate and credit against the modified sentence all actual time the defendant has already served." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29, italics omitted; accord, *People v. Dean* (2024) 99 Cal.App.5th 391, 396 (*Dean*).)  We remand and direct the trial court to calculate Moten's credits for "all actual time served, whether before or after sentencing and in jail or prison." (*Dean*, at p. 396.)

## DISPOSITION

The August 18, 2023 order resentencing Moten is affirmed. We remand for the superior court to calculate Moten's sentencing credits as directed.


MARTINEZ, P. J.

We concur:



SEGAL, J.                              FEUER, J.

12