Filed 7/11/23  P. v. Smith  CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JARED DEAN SMITH, <br><br> Defendant and Appellant. | B324042 <br><br> (Los Angeles County Super. Ct. No. GA103520) |

APPEAL from an order of the Superior Court of Los Angeles County, Teri Schwartz, Judge.  Affirmed.

David R. Evans, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield, Supervising Deputy Attorney General, and Nicholas J. Webster, Deputy Attorney General, for Plaintiff and Respondent.

# INTRODUCTION

Jared Dean Smith appeals from the trial court's order denying his motion for reconsideration of the court's order denying his request for misdemeanor diversion. Smith, when he was 18 years old, had a sexual relationship with a 14-year-old classmate. The People charged him with three felonies, one of which was a "wobbler," a crime punishable as a felony or a misdemeanor. Pursuant to a negotiated plea agreement, Smith pleaded no contest to the wobbler as a misdemeanor, and the trial court dismissed the other two counts.

After the trial court convicted Smith on his plea, Smith filed a motion requesting diversion under Penal Code section 1001.95,[1] which authorizes the court to offer diversion to defendants who are being prosecuted for a misdemeanor. The trial court denied Smith's request and his subsequent motion for reconsideration.

Smith appeals, arguing the trial court erred in ruling it did not have discretion to offer diversion after he was convicted on his plea. Smith contends he was eligible for diversion under section 1001.95 after he pleaded no contest because he requested diversion before sentencing. The People argue that a defendant is eligible for diversion under section 1001.95 only before trial and that Smith is ineligible because he did not request diversion until after he had been convicted. We affirm.

---

[1] Statutory references are to the Penal Code.

**FACTUAL AND PROCEDURAL BACKGROUND**

    A.    *The People Charge Smith with Three Felonies, and*
            *Smith Pleads No Contest to a Misdemeanor*

The People charged Smith in a felony complaint with participating in an act of oral copulation with another person under 18 years of age, in violation of section 287, subdivision (b)(1) (count 1, a wobbler);[2] participating in an act of sodomy with another person under 18 years of age, in violation of section 286, subdivision (b)(1) (count 2); and advertising for sale or distribution obscene matter knowing it depicts a person under the age of 18 years personally engaging in or personally simulating sexual conduct, in violation of section 311.10, subdivision (a) (count 3). In January 2020, pursuant to a plea agreement, Smith pleaded no contest to count 1 as a misdemeanor. At Smith's request, the trial court postponed sentencing several times, initially to January 2021 and ultimately to May 2021, to allow section 290, subdivision (c)(2),

---

[2]    "Wobblers" are crimes that "are chargeable or, in the discretion of the court, punishable as either a felony or a misdemeanor; that is, they are punishable either by a term in state prison or by imprisonment in county jail and/or by a fine." (*People v. Park* (2013) 56 Cal.4th 782, 789; see § 287, subd. (b)(1) ["any person who participates in an act of oral copulation with another person who is under 18 years of age shall be punished by imprisonment in the state prison, or in a county jail for a period of not more than one year"].)

which would make the requirement Smith register as a sex offender discretionary, to become effective.[3]

B.      *The Trial Court Denies Smith's Request for Diversion*

Section 1001.95 also became effective on January 1, 2021. It authorizes the trial court to offer diversion to defendants charged with misdemeanors, even over the objection of the prosecutor.

On May 3, 2021, the day before the sentencing hearing, Smith filed a motion for an order granting diversion under section 1001.95. The court denied Smith's motion "without prejudice, subject to reconsideration upon legal authority." The court also ruled that, "in light of [Smith's] age, lack of criminal history and due to multiple evaluations from mental health professionals who have assessed [Smith] and found he is not a risk for re-offending," Smith would not have to register as a sex offender. The trial court sentenced Smith to summary probation for one year, imposed various fines and fees, and dismissed the remaining two counts.

In December 2021 Smith filed the motion for reconsideration contemplated by the trial court in its order

---

[3]      Section 290, subdivision (c)(2), provides in relevant part: "A person convicted of a violation of subdivision (b) of Section 286, subdivision (b) of Section 287, or subdivision (h) or (i) of Section 289 shall not be required to register if, at the time of the offense, the person is not more than 10 years older than the minor, as measured from the minor's date of birth to the person's date of birth, and the conviction is the only one requiring the person to register." Because Smith was convicted of violating section 287, subdivision (b), the new law applied to him once it became effective on January 1, 2021.

4

denying Smith's motion for diversion without prejudice. The court denied the motion. The court stated granting diversion would be "beyond what was contemplated by the statute and tremendously unfair to the People" after they had agreed to reduce the offense from a felony to a misdemeanor and Smith had agreed to plead no contest pursuant to the plea agreement. The court also stated that, because the People had initially charged Smith with felonies, "there was no opportunity for a pre-plea judicial diversion" and that "it would be an abuse of whatever discretion" for the court to offer diversion. The court also expressed concern that granting diversion would require the court to vacate Smith's conviction, which Smith had not asked the court to do. Smith timely appealed from the order denying his motion for reconsideration.

## DISCUSSION

Effective January 1, 2021 section 1001.95 "gives judges discretion to offer diversion to misdemeanor defendants." (*Islas v. Appellate Division of Superior Court* (2022) 78 Cal.App.5th 1104, 1107.) Section 1001.95, subdivision (a), states that "a judge in the superior court in which a misdemeanor is being prosecuted, may, at the judge's discretion, and over the objection of a prosecuting attorney, offer diversion to a defendant pursuant to these provisions."

Smith argues he was eligible for diversion under section 1001.95, even though he did not ask for diversion until after he was convicted on his plea, because the statute does not limit the trial court's discretion to offer diversion to proceedings before trial. Smith also argues that, even if section 1001.95

5

requires the defendant to request misdemeanor diversion before trial, he was still eligible for diversion because, even though he had been convicted, he had not yet been sentenced and thus his case was not final. The People argue that section 1001.95 authorizes only pretrial diversion and that, in any event, Smith "was not 'being prosecuted' because he had already admitted his guilt through his no contest plea, and was merely awaiting sentencing for an agreed-upon sentence by the court."

Whether Smith was eligible for diversion under section 1001.95 after pleading no contest is not entirely clear. Section 1001.95, subdivision (a), states that a judge may grant diversion for defendants who are "being prosecuted for a misdemeanor." As the People correctly point out, after Smith pleaded no contest and the court convicted him on his plea, he was no longer being prosecuted for anything, let alone for a misdemeanor. In fact, Smith was never prosecuted for a misdemeanor; he was prosecuted for three felonies, two of which were dismissed and one of which was reduced to a misdemeanor when he pleaded no contest and the prosecution was over.

Moreover, although no California case has directly addressed whether a defendant can request misdemeanor diversion under section 1001.95 after pleading guilty or no contest, the Supreme Court's recent decision in *People v. Braden* (June 5, 2023, S268925) ___ Cal.5th ___ [2023 WL 3807557], which involved mental health diversion under section 1001.36, casts doubt on the merits of Smith's position. In *Braden* the Supreme Court held a defendant must request mental health diversion under section 1001.36 before jeopardy attaches or the court enters a plea of guilty or no contest plea, whichever occurs first. (*Braden*, at p. ___ [p. 16].) Although the language of the

two diversion statutes is different (section 1001.36, unlike section 1001.95, refers to "pretrial diversion"), there are some similarities. For example, section 1001.95, like section 1001.36, lacks language indicating diversion is available "'during the pendency of an action and prior to judgment'"; "makes no mention of a diversion grant following 'conviction,' which would be the more logical terminology if diversion were also permitted after conviction by trial or plea"; "contemplates that the defendant is facing 'charges' ["is being prosecuted," in the language of section 1001.95] 'at the time' diversion is granted"; and "gives the court no authority to set aside a plea or trial verdict, which would be required if diversion were granted after 'adjudication' of guilt by trial or plea." (*Braden,* at p. ___ [pp. 5-6]; see *People v. Superior Court of Riverside County* (2022) 81 Cal.App.5th 851, 857 [section 1001.95 "authorizes superior court judges to offer pretrial diversion, over the prosecution's objection, to persons being prosecuted for 'a misdemeanor'"].)

We need not decide this issue or resolve the effect of the Supreme Court's holding in *People v. Braden* on the timing of requests for misdemeanor diversion under section 1001.95. Here, the trial court clearly stated that, even if it had discretion to offer Smith post-conviction diversion under section 1001.95, the court would not exercise that discretion to grant Smith's request.

Where the trial court states that, even if it had discretion, it would not have exercised it, there is no need to remand the case for the trial court to exercise that discretion. (See *People v. Cervantes* (2021) 72 Cal.App.5th 326, 331 [where there has been "a change in either statutory or decisional law that grants authority to trial courts to strike or dismiss a sentencing enhancement where none existed prior to the effective date of

7

such change," "remand is necessary only where the record is unclear whether the trial court would not use the discretion to sentence the defendant differently"]; *People v. Jones* (2019) 32 Cal.App.5th 267, 273 [remand was not required where the trial court clearly stated it would not have stricken the defendant's firearm enhancement even if the court had the discretion to do so].) Remand is unnecessary, however, only where the trial court "clearly indicated" it would not have exercised its discretion. (*People v. Franks* (2019) 35 Cal.App.5th 883, 892; see *People v. Billingsley* (2018) 22 Cal.App.5th 1076, 1081.) In making this assessment, the reviewing court considers the trial court's statements and sentencing decisions to determine whether the court gave a clear, unequivocal indication it would not have exercised its discretion. (See *People v. McVey* (2018) 24 Cal.App.5th 405, 419 [trial court's statements at sentencing clearly indicated that, even if it had the discretion to strike a firearm enhancement, the court would not have done so].)

Here, the trial court clearly stated, as an alternative ruling, it would not have granted Smith's request for diversion even if it had the discretion under the new statute to do so. The trial court stated that offering Smith misdemeanor diversion would be "tremendously unfair to the People" and inappropriate in a "serious felony case" where the defendant bargained for a misdemeanor pursuant to a plea agreement. The court stated that, while it "may have some authority to do something here," the court was "not willing to do it," and that the court did not "think the interest of justice would be served" by offering Smith diversion. Thus, it is clear from the record the trial court would

not have offered Smith diversion, even if the court believed it had the discretion to do so.

Smith does not challenge the trial court's reasons for declining to exercise any discretion it had to offer misdemeanor diversion. Smith asserts only that the trial court did not make such an alternative ruling and that the trial court's statements were "little more than acquiescence to the People's displeasure with the new law." But the trial made that ruling. As discussed, the trial court stated an alternative ground for denying Smith's request for diversion: "While I may have some authority to do something here, I am not willing to do it." The trial court gave several reasons for denying Smith's request for diversion on the merits, including that diversion would not be in the interests of justice, would be unfair to the People, and would undermine the good-faith negotiations of the parties. Nothing in the record suggests the trial court was agreeing with or acquiescing to any displeasure on the part of the People with the new law. Rather, the trial court found offering Smith diversion under section 1001.95 was inappropriate and unjust under the circumstances of the case. There would be no point in requiring the trial court to make these findings again. (See *People v. Flores* (2020) 9 Cal.5th 371, 432 [remand is not appropriate where the record shows "'with unusual clarity that remand would be an idle act'"]; *People v. Torres* (2022) 81 Cal.App.5th 76, 80 [remand is not appropriate where the trial court "has indicated it would reach the same sentencing decision"]; *People v. McDaniels* (2018) 22 Cal.App.5th 420, 425 ["if '"the record shows that the trial court would not have exercised its discretion even if it believed it could do so, then remand would be an idle act and is not required"'"].)

## DISPOSITION

The order is affirmed.

SEGAL, J.

We concur:

PERLUSS, P. J.

FEUER, J.